## PHILLIPS v. GEESLAND.

## SAME v. SAME.

1. CERTIORARI.—Upon *certiorari* to a justice of the peace, under the territorial statute, the district court had no right to render judgment "as the very right of the matter appeared" before the justice by the evidence returned, but could only reverse or affirm the judgment. But see *Bracken v. Preston*, 1 Pinney, 369, as to cases of forcible entry and unlawful detainer.

(1 *Chand.* 57.)

ERROR to the late District Court for *La Fayette* County.

In each of these cases, the plaintiff in his suit before the justice obtained judgment for nominal damages, and on *certiorari*, brought to the district court, the court reversed the judgments at one term, and at another and subsequent one, assessed the damages of the plaintiff at a sum far exceeding the sum awarded by the justice, and upon the evidence contained in' the return made by the justice ; upon the principle that he had the authority to give judgment "as the very right of the matter appeared" from the return of the justice.

Both causes were submitted to this court on the same argument.

*J. H. Knowlton*, for plaintiff in error.

*Culver*, for defendant in error.

LARRABEE, J. *Phillips* recovered judgment for nominal damages and costs before the justice, in replevin, for a quan-

tity of lead ore.   The cause was afterwards brought to the La Fayette district court, where, at the September term, 1847, this judgment was reversed.   Whereupon, the then plaintiffs in error moved that judgment be rendered as the " very right of the matter appeared."   This motion was continued for argument at the next term, when judgment was rendered for the plaintiff for $37.00, the value of the ore as proved before the justice, and costs of suit.

The record shows two judgments in the district court ; one of reversal at the first term, and one for damages at the second.   This is clearly wrong ; the court undoubtedly had power to set aside the first judgment upon motion, but no power to render a new judgment while the first remained. The motion was for a new judgment and a different one, and the record shows the palpaple inconsistency of two different and distinct *final* judgments in the same cause.

The courts of New York, under a statute identical with ours, have uniformly confined their power to a simple reversal or affirmance of the judgment below ;  or in some cases, reversed in part only ;  but there, the jurisdiction of the justice does not extend to the action of replevin, and it is contended that in this action, under our statute, power must of necessity be given to the district court to render judgment as the " very right of the matter appears."   That this would be a salutary power there can be no doubt ;  but, upon a careful consideration of the statute, we are convinced that no such power exists.   The judgment must be either an affirmance or reversal, or a reversal in part.   The want of this power undoubtedly operates in many cases as a denial of justice, and in this case the judgment of the district court was, no doubt, in accordance with the right of the matter.

The judgment of the district court for damages must be reversed, with the costs in this court, and the judgment of the court reversing the judgment of the justice must be affirmed.