JAMES DYKENS, *Plaintiff in Error*,

*vs.*

DAVID MUNSON, *Defendant in Error*.

ERROR TO THE SAUK COUNTY COURT.

When a cause is removed from a justice of the peace, by writ of certiorari, to the County Court, the judgment of the County Court is limited to the affirmance or reversal of the judgment of the justice, in whole or in part. No new judgment can be rendered on the merits.

In an action of replevin, before a justice of the peace, if the value of the property in controversy exceeds fifteen dollars, the remedy for the removal of the cause to a higher court, is by appeal and not by certiorari.

The plaintiff in error commenced an action of replevin in a justice's court of Sauk county, against one William Chapman, to obtain the possession of one light bay horse, returnable the 28th day of March, 1853. The writ was served and returned, and on the return day, the justice dismissed the suit for irregularity in the process, and ordered the property to be redelivered to Chapman. The plaintiff in error then sued out another writ of replevin for the same horse, against David Munson, the defendant in error, to whom the said property had been delivered by said Chapman. On the return day, April 2d, 1853, the parties appeared and joined issue. The declaration or complaint was in the *detinet*. The plea, the general issue, with notice of the former suit of Dykens vs. Chapman, in bar ; also, that the horse was the property of one Richard Fuller, and not the property of the plaintiff; also, that on the 23d of March, 1850, one Nelson Wood commenced a suit in attachment

against the said Richard Fuller, and that Chapman took the property under said writ of attachment as deputy sheriff of said county, and that Munson, the defendant in error, received and held the property for Chapman.

A jury was called to try the issue so joined before the said justice, and after hearing the evidence, returned the following verdict: " We, the jury, find the property in the plaintiff, and assess the damages at ten dollars and fifty cents," neglecting wholly to assess the value of the property replevied. Upon which verdict the justice entered an order for the return of the property to the plaintiff in error, and entered a judgment for the damages and costs.

April 15th, 1853, the defendant in error sued out from the County Court of Sauk county, a writ of certiorari, assigning in his affidavit several causes of error before the justice, the only one of which necessary to be noticed, is the following : that the jury erred in finding for the plaintiff instead of the defendant, upon the law and evidence.

At the July Term of the County Court, the plaintiff in error moved the court to dismiss the writ of certiorari, on the ground that the proper remedy of the plaintiff in error was by appeal, and not certiorari.

Afterwards, at the same term, the cause was argued and continued under advisement by the court, until the next succeeding term thereof, at which term the County Court not only reversed the judgment of the justice, but rendered a judgment in favor of the plaintiff in the certiorari, for eighty dollars, the value of the property and costs.

It is not deemed necessary to insert any portion of

the testimouy, as the case is decided upon points to
which it has no reference.

*Clark & Wheeler*, for the plaintiff in error.

*Remington & Pratt*, for the defendant in error.

*By the Court*, Whiton, C. J. This was an action of replevin, commenced before a justice of the peace. In the justice's court, the plaintiff obtained a judgment, and the justice ordered the property to be delivered to him, pursuant to the statute.

The defendant in the suit before the justice, (Munson,) took the case to the County Court of Sauk county, by a writ of certiorari, where the judgment of the justice was reversed, and a judgment rendered in his favor, for the sum of eighty dollars, (the value of the property replevied,) and his costs. The plaintiff in error seeks to reverse this judgment, for the reason that the County Court had no authority to render a judgment for the value of the property. He contends, that the judgment rendered by the justice, should have been either affirmed or reversed, "in whole or in part," and no new judgment given in favor of either party. This was the decision of the Supreme Court, in the case of *Phillips vs. Geesland*, I *Chand. R.* 57, under the statute then in force; but it is contended by the defendant in error, that, by the present statute, (*Rev. Stat., chap.* 88, *sec.* 223,) power is given to the County Court to render such a judgment as ought to have been rendered by the justice upon the testimony. The statute provides, that the County Court " may affirm or reverse the judgment in whole or in part; and may make any such final

order or judgment as he shall deem proper, in fur therance of justice."

It is to be observed that courts of law, to which cases are removed by writs of certiorari, for the purpose of correcting errors that may have been committed, have not generally the power to do anything more than to affirm or reverse the judgment of the court from which the case comes, in whole or in part. Unless, therefore, the Legislature have clearly given to the County Court the power to render such a judgment as the judge shall think the testimony warrants, the power to do so does not exist. Particular importance is given by the defendant in error, to the words " and may make any such final order or judgment as he shall deem proper in furtherance of justice."

We think this paragraph should not receive such a construction as to authorise the judgment which was rendered by the County Court. On the contrary, we are of opinion that it does not confer any new power upon the court, but merely repeats in another form, for greater caution, the power conferred in the previous part of the section. (*Sheldon vs. Quinline*, 5 *Hill's R.* 440.) The County Court therefore erred in giving a judgment in favor of the defendant, for the value of the property, and for that error the judgment must be reversed.

We have disposed of this case upon the point dis cussed by the counsel of the parties, without noticing an insurmountable objection to the judgment, arising from a want of jurisdiction in the County Court. We held, in the case of *McCaffrey vs. Nolan*, 1 *Wis. R.* 361, that where in an action of replevin tried by a justice of the peace, the plaintiff obtained possession of

property exceeding in value the sum of $15, or when the value of the property obtained by the plaintiff, and the damages recovered by him, together, exceed ed that sum, an appeal and not a certiorari was the proper mode, to remove the case to the County Court. In that case, we held that the County Court did not obtain jurisdiction of the case by certiorari, and for that reason reversed the judgment.

In this case the plaintiff, by the decision of the justice, obtained possession of property of the value of $80, and the defendant should have taken the case to the County Court by appeal.

Judgment reversed.