## DAVIS vs. JUDD.

### APPEAL FROM CIRCUIT COURT, DODGE COUNTY.

Heard January 13, 1860.]                    [Decided February 14, 1860.

### *Finding—Bill of Exception—New Trial.*

Where a trial is had before a judge without a jury, and the judge omits to state all the facts in his finding, and exceptions are taken to the finding, for such omission, this court will not review the facts, unless there has been a motion for a new trial made and overruled.

The case of *Hutchinson vs. Eaton,* 9 Wis., 226, considered and approved.

Exceptions to the finding of the judge extend only to conclusions or decisions of law upon the facts found by him, and not to questions of fact.

A new trial will not be granted, in a case tried by the judge, because the finding is against evidence, unless there has been a motion for a new trial in the court below.

Davis vs. Judd.

The facts in this case are sufficiently stated in the opinion of the Chief Justice.

*Collins, Atwood & Haskell,* for the appellant.

*Smith & Ordway,* for the respondent.

*By the Court,* Dixon, C. J.    This is an action for the recovery of damages upon an agreement of indemnification, *in the form* of a covenant for quiet enjoyment, as used in conveyances of real estate.    The instrument in which it is contained, and which is dated April 1, 1850, and was executed and delivered by the defendant, and Elizabeth Judd, his wife, to the plaintiff, is in all respects a deed of conveyance to the plaintiff of certain lands in Dodge county, except that it is not *sealed* by the defendant and his wife.    The complaint alleges that under the instrument, the plaintiff entered into and remained in the enjoyment of the premises described until the first day of May, 1855, when he was evicted by one Alfred Williams, who, at the time of the execution of the instrument and ever since, has had the lawful right and title to the same; that the plaintiff, prior to the first of April, 1850, paid the defendant $158 10, part of the purchase money; and that on the 7th of July, 1855, he paid to Williams $36 87, costs of suit brought for recovering the possession; and claims judgment for said sums, with interest, from the dates aforesaid. The defendant answered: 1st, denying generally, each and every allegation of the complaint; and 2d, alleging that the cause of action set forth in the complaint, did not accrue within six years next preceding the commencement of the suit.

A trial by jury having been waived, the cause was tried by the court.    The judge found the facts substantially as set forth in the complaint, and directed judgment accordingly.    It appears from the bill of exceptions, in addition to the facts

Davis vs. Judd.

found by the judge, that it was proved on the trial that on the 1st of April, 1850, at the time of the execution and delivery of the supposed deed, the plaintiff executed and delivered to the defendant a mortgage of the premises for the sum of $175; that the purchase price was $300; that Williams obtained a judgment in ejectment against the plaintiff on the 5th of October, 1852, upon which a writ of possession was awarded; and that the plaintiff's eviction on the 1st of May, 1855, was by virtue of this judgment. These jacts the judge failed to state or include in his finding, and because he did so, the defendant, within ten days after notice of judgment, as provided in sec. 20, chap. 132, Rev. Stat., excepted. These are the only exceptions contained in the case.

If the facts stated in the bill of exceptions to have been proved, but which were omitted by the judge in his finding, were material to the defense set up in the answer, or affected the substantial rights of the defendant, which are matters into which we cannot here inquire, it is very evident that he entirely mistook his remedy. The omission complained of is not a question of law, but a matter of fact. The section referred to, authorizes exceptions to decisions on matters of law, arising on the trial, and not to questions of fact.

This point was directly ruled by this court at the last term, in the case of *Hutchinson vs. Eaton*, 9 Wis., 226. The exceptions authorized by the section extend only to the conclusions or decisions of law, upon the facts found by the judge, which, by the preceding section, he is required to state separately.

In *Hunt vs. Bloomer*, 3 Kernan, 341, it was held by the court of appeals of New York, under a provision, of which ours is a copy, that the exceptions which may be taken within ten days after notice of judgments, are only those which, under the former system of practice, were made to the rulings of the court after the evidence was closed, and before the jury retired.

The finding of facts being in the nature of a special verdict cannot be excepted to. The defendant should have moved for a new trial upon the grounds stated in his *supposed* exceptions; and upon its being overruled, he might have excepted and brought the questions before this court on the motion. Otherwise we cannot consider them.

The use of the word *defendant*, in that portion of the finding where the payment of the costs of the suit brought by Williams is stated, is so clearly a clerical mistake, and it is so evident from the context, that the *plaintiff* was intended, that we think the error must be disregarded.

Judgment affirmed.