June Term,
1861.

Carney
v.
Doyle.
14 270
74 650

CARNEY VS. DOYLE.

In an action before a justice of the peace for the recovery of personal property it is not necessary for the plaintiff to prove the averment in his affidavit, that the property "had not been taken by virtue of any tax, &c., nor seized under any execution," &c., although the affidavit in such a case constitutes the complaint.

Where, in such an action, the affidavit of the plaintiff stated the value of the property to be $14, and there was *no finding* as to its value by the justice of the peace, the case, on appeal, should be heard by the court on the original papers and the return of the justice, and should not be tried *de novo*.

Where, in such an action, the value of the property in controversy was less than $15, and the justice, without *any finding* of facts, ordered the property to be delivered to the plaintiff, and that the defendant pay the costs, the county court, on appeal, could not disregard the absence of any finding, as a mere technical defect, under sec. 218, chap. 120, R. S., but was bound to reverse the judgment.

APPEAL from the County Court of *Milwaukee* County.
*J. L. Doran*, for appellant.
*Henry F. Prentiss*, for respondent.

November 2. *By the Court*, PAINE, J. This action was brought before a justice of the peace to recover possession of some hogs. After the trial the justice decided that the hogs should be delivered to the plaintiff, and the defendant should pay the costs. The defendant appealed to the county court, and it appears to have been submitted to the judge, by consent, upon the papers returned by the justice. Some question was made upon the argument as to whether the statement in the record that this was done by consent, was true or not. But we think even if there had been no consent, that the case was properly one to be submitted to the court on the return of the justice. There was no finding as to the value, but the plaintiff in the affidavit swore that the value of the hogs was fourteen dollars, and this certainly, in the absence of any finding of a greater value, should conclude the plaintiff. The value therefore being less than fifteen dollars, there could be no trial *de novo* in the county court.

That court reversed the judgment of the justice, and the question here is, Was it properly reversed? The counsel for the respondent contends that it was, because the plaintiff

offered no proof before the justice sustaining the averments in his affidavit, that the hogs had not been taken for any tax or by any execution or attachment against him, &c. It was said that these were material averments in the complaint, and being necessary to be made, they were equally necessary to be proved. But we think this conclusion results only from a misapplication of the familiar rule that it is necessary for a plaintiff to prove all the material averments of his complaint, to the peculiar complaint which is allowed in actions of this character before a justice. That rule undoubtedly prevails in all cases where the complaint is a pleading merely. But the complaint in these cases is something more. It is an affidavit stating certain facts which the law requires the party to state on oath before the writ can issue. Among these he must state that the property he seeks to recover had not been taken for any tax or by any execution or attachment against him. The object of the statute in requiring this, was to prevent parties who knew their property had been thus taken, from replevying it. Hence they are required to make oath that it had not been so taken, before they can obtain the writ. When that is done, the object is accomplished. And it clearly never could have been intended to throw upon the plaintiff in such a case the burden of proving a negative on the trial, or of disproving any justification for the taking of his property. It is true that section 141, chap. 120, provides that the affidavit required to be made shall be deemed the complaint. But this was probably done as a matter of convenience, inasmuch as the affidavit contains all the averments which it would be necessary or proper to make in a complaint as a pleading merely. And it does not warrant the inference that it was intended to throw upon the plaintiff the burden of proving the negative averment which he is required to make in the affidavit. The absence of this proof was no ground, therefore, for reversing the judgment of the justice.

But it was properly reversed for the reason that there was no finding to sustain it. The justice found nothing at all, but simply ordered that the property be delivered to the plaintiff, and that the defendant pay the costs. It is as it

June Term, 1861.

CARNEY v. DOYLE.

would have been if the case had been tried before a jury, and they had found no verdict. It is clear that the judgment could not be sustained unless the county court in reviewing it had power to supply the defect—to find the facts from the evidence returned, and then render such judgment as that finding required. Had the court such power? Sec. 218, chap. 120, provides that the court "may affirm or reverse the judgment of the court below in whole or in part" for "errors of law or fact;" also that it shall "give judgment according to the justice of the case, without regard to technical errors or defects which do not affect the merits." But we think there is nothing in these provisions that would authorize the county court to supply the defect of a finding, or to disregard it as a technical defect merely. In *Dykens vs. Munson*, 2 Wis., 245, under a statute which authorized the county court not only to affirm or reverse in whole or in part, but also to "make such final order or judgment as it should deem proper in furtherance of justice," this court held that the county court was limited to a mere affirmance or reversal in whole or in part. If that conclusion was correct under that statute, is is certainly so under the one now in force, which contains no such provision. It is true that in reviewing such cases the county court may review both fact and law, and in doing so is to disregard technical defects; but the absence of any finding upon the issues cannot be so considered. In such case there would seem to be no alternative but a reversal.

The judgment of the county court is affirmed, with costs.