## MARTINEAU vs. STEELE.

Tenant under a lease for the term of one year and 15 days from the 15th of April, 1856, at an annual rent of $600, payable in equal portions on the 15th day of July, October, January and April, the last payment to be made the 1st of May, 1857, assigned the lease on the 3d of June, 1856, but put the assignee in possession the 15th of May, 1856, taking from him at the time of the assignment a separate instrument declaring that he took the lease "subject to the terms of the same, agreeing to pay rent at the times specified therein."

June Term,
1861.

MARTINEAU
v.
STEELE.

*Held,* that this agreement bound the assignee to pay all the rent which accrued on the lease for the *entire term.* DIXON, C. J., dissented.

The assignee paid the four instalments of rent which fell due 1st of July and October, 1856, and 1st of January and April, 1857, but refused to pay the instalment of $25 which fell due May 1, 1857; and the assignor, having paid $15 of the rent to the lessor, sued the assignee and recovered judgment for $25, which was affirmed by this court, DIXON, C. J., dissenting.

It is the duty of the court to construe a written instrument which is in evidence, but if the court leaves its construction to the jury and they construe it properly, the error becomes immaterial.

APPEAL from the County Court of *Milwaukee* County. This action was commenced before a justice of the peace. The plaintiff's complaint stated that in 1856 he held a written lease from one Rycraft of certain property for the term of one year and fifteen days from the 15th of April of that year, at an annual rent of $600, to be paid in equal portions on the 15th day of July, October, January and April, the last payment to be made on the 1st of May, 1857; that on the 3d of June, 1856, he assigned the lease to the defendant, who agreed in writing to take the lease subject to its terms, and to pay the rent at the times specified therein; that the defendant had not paid the rent according to the terms of the lease, and the plaintiff was "holden to said Rycraft for said rent," and had been compelled to pay thereof the sum of $25. The answer alleged that the defendant, on the 1st of May, 1856, leased the property of the plaintiff for one year from that date, and for no longer or shorter time, agreeing to pay the rent of $600, and that he had paid that amount to the lessor, Rycraft, as the same became due, and denied that the plaintiff had been compelled to pay any portion of the rent.

On the trial in the county court, the plaintiff read in evidence the lease mentioned in the complaint, and testified that the assignment to the defendant was on the back of a duplicate of the lease, which was in the defendant's possession; and the defendant having declined, after proper notice, to produce it, the court, against the objection of the defendant, allowed the plaintiff to give oral evidence that the assignment was made on the 3d of June, 1856, and was in these words: "For value received, I assign the within lease and all my interest therein to Chester Steele." The plaintiff also testi-

fied that he agreed with the defendant about the 15th of April, 1856, to assign him the lease, and that he occupied the leased premises himself from the 15th of A,ʰil to the 15th of May, 1856, and that he did not give up possession of the premises before the last named day, when possession was taken by one Booth, whom the defendant had said he should put in as his tenant. The defendant had put some things in the house about the 5th of May. At the time of the assignment of the lease, the following paper was executed by the defendant: "Having taken an assignment of a lease from John Rycraft to Peter Martineau, I hereby take said lease subject to the terms of the same, agreeing to pay rent at the times specified therein. June 3d, 1856. CHESTER STEELE." The admission of this paper was objected to and an exception taken. Rycraft, the lessor, testified that the defendant had paid him $600 of the rent reserved in the lease, as called for, $150 at each time, but the last instalment of $25 the defendant refused to pay; and that the plaintiff had paid $15 of the rent due on the lease.

The defendant being sworn as a witness, his counsel asked him, "What was the verbal agreement between you and the plaintiff as to amount of rent to be paid for said premises, and the time when such rent was to commence?" The court sustained an objection to the question, and refused to allow the defendant to prove that it was agreed orally between him and the plaintiff, at the time of the assignment, that the defendant was to pay $600 for the use of said premises, from the 1st of May, 1857, and no other or greater sum, and for no other or longer time. To this ruling the defendant excepted. The court left it to the jury to ascertain the construction to be placed upon the agreement of the defendant, and told them "that if they construed it as meaning that the plaintiff should pay all the rent that became due on the lease according to its terms, and that the defendant took the assignment subject to all such terms, the plaintiff should recover."

Verdict for plaintiff, for $25; and judgment accordingly.

*Chandler & Hickox*, for appellant, argued that the contract of *Steele* was to pay the rent to Rycraft, not to the plaintiff;

but if it were a contract to pay the 'plaintiff, it was not declared upon, and should not have been received in evidence. At most, was a mere contract of indemnity, on which the plaintiff had no right of action, unless he was liable to Rycraft for the rent, and then only for so much as he had been obliged to pay. But the assignment was recognized by Rycraft, who accepted *Steele* as the tenant, and *Martineau* was thereby discharged from liability for the rent (*Auriol vs. Mills*, 4 T. R., 94), and his subsequent payment of part of the rent was a voluntary payment of *Steele's* debt, for which he cannot recover. At all events, the plaintiff is not entitled to recover more than he has been obliged to pay, yet he has paid the lessor a portion only of the rent due, and has recovered judgment for the whole amount due. Counsel also argued that the parol proof offered to show that *Steele* was to pay the annual rent of $600 from the time only when he took possession, did not contradict the written instrument, and was admissible; and also that the court erred in submitting to the jury the construction of 'the instrument.

*Wright & Davis*, contra, argued that the plaintiff was liable for the rent notwithstanding he had assigned the lease (Taylor's L. & T., § 436; *Walton vs. Cronly*, 14 Wend., 64), although the lessor had accepted rent from the assignee. The assignee may be sued for the rent by the lessor, or the lessor may resort to the lessee, in which case the lessee may resort to the assignee, as in this case. *Port vs. Jackson*, 17 Johns., 243. The written agreement to pay the rent was made with the plaintiff and not with Rycraft, and payment of any part of the rent by the plaintiff before suit was unnecessary. 17 John., 246. The parol evidence was inadmissible. 11 Barb., 595.

*By the Court*, COLE, J. My understanding of the agreement signed by the appellant is, that he was to pay all the rent which might become due upon the lease; for he says in that writing, "I hereby take said lease, *subject to the terms of the same, agreeing to pay rent at the times specified therein.*" Now, by the terms of the lease, the rent was to be paid on the 15th days of July, October, January and April follow-

ing, and the half' month's rent was to be paid at the expiration of the lease. But the appellant took an assignment of the lease and possession of the demised premises before any of the rent became due. It is said to be a general principle of law, that an assignee takes the thing assigned subject to all equities to which the original party is subject, and must therefore perform all covenants which are annexed to the estate and run with the land. The payment of rent is one of those covenants, and the assignee, by accepting possession, renders himself liable therefor, though not named. Taylor's Landlord and Tenant, § 437; 2 Platt on Leases, p. 402; *Graves vs. Porter*, 11 Barb. (S. C.), 592.

In the present case, however, the assignee, to place his liability beyond question, agreed in writing to take the lease subject to its conditions, and to pay the rent at the times specified in the same. The rent for the entire term was thereafter to become due, and although he did not enter into possession until a month or so after the commencement of the term, yet we cannot see upon what ground the appellant now can claim that he should be exonerated from the obligation he assumed. He saw fit to take the estate *cum onere.* It is insisted that the rent should be apportioned, and that he should only pay *pro tanto* for the time he occupied the premises. But this is not his agreement. He agreed to pay the rent at the times specified in the lease. If he did so he must necessarily pay all the rent for the full term. If he did not wish to take the demised premises with this burden, he could have stipulated to pay only for the time he might actually occupy and be in possession of them. Such a stipulation would undoubtedly have been valid and binding between him and his assignor. But he stipulated for no apportionment of the rent, but on the contrary, agreed to pay all which might become due. This is my understanding of the written agreement.

We suppose there can be no doubt that it was the duty of the county court to construe this written agreement, instead of leaving the question as to its proper construction to the jury. The jury, however, placed the true construction upon the writing—the one which the court should have

placed upon it; and therefore this error becomes immaterial, since it cannot have prejudiced the appellant.

The judgment of the county court is affirmed.

DIXON, C. J., dissented.