Mock and another vs. Erdmann and another.

Mock and another vs. Erdmann and another.

Practice: (1) *Judgment in appellate court on appeal from justice's court.*
(2) *Variance — Nonsuit.*

1. On appeal from a justice's court, under the revised statutes of 1858, where
there is no trial *de novo* in the appellate court, it can only affirm or
reverse the judgment of the justice, in whole or in part, and cannot
render judgment upon the merits. *Carney vs. Doyle,* 14 Wis., 270, and
*Stoppenbach vs. Zohrlaut,* 21 id., 385, re-affirmed.

2. In an action for injuries done to plaintiff's vehicle while in use, for
hire, by defendant, on the ground of the negligence of the latter,
where no evidence of such negligence was adduced, a nonsuit was
properly granted, although plaintiff proved a promise of defendant
to pay for such injuries; the action not having proceeded upon such
promise.

APPEAL from the County Court of *Milwaukee* County.

Action before a justice, to recover damages for alleged injuries to a carriage hired of the plaintiffs by the defendants. The cause of action stated in the complaint is, " that the defendants, not regarding their duty in that behalf, so carelessly, improperly and negligently used and drove the horse and vehicle of the plaintiffs, that, on account of their carelessness and negligence and improper conduct, the said vehicle was torn, broken and injured, to the plaintiffs' damage of seventy-five dollars." The justice rendered a judgment of nonsuit, from which the plaintiffs appealed to the county court. In that court the appeal was heard upon the original papers and return of the justice, no affidavit being filed by either of the parties to entitle them to a new trial. Before the justice, one of the plaintiffs testified that he had a conversation with the defendants after the accident, on the day of its occurrence, and was told by them how it happened. They said they had hitched the horse near the railroad track at Wauwatosa, and, just as they were unhitching him, a train came along and frightened the horse, so that he backed up and tipped over the buggy, and then ran about half a block, when he stopped. One of the defendants was thrown out. They said further that the buggy would be brought in the next day, and the plaintiffs should get it fixed, and they, the defendants, would pay all the damage. The above is all the testimony given to explain how the injury occurred. The county court reversed the judgment of the justice, and rendered a judgment against the defendants for $70 and costs. From this judgment the defendants appealed.

*Mann & Cotzhausen*, for appellants:

1. On an appeal like this, the judgment of the county court is limited to the affirmance or reversal of the judgment of the justice, in whole or in part. No new judgment can be rendered on the merits. *Dyken v. Munson*, 2 Wis., 245 ; *Carney v. Doyle*, 14 Wis., 270; *Stoppenbach v. Zohrlaut*, 21 Wis., 385. 2. The only evidence as to how the injury occurred, is the admission

of the defendants, and that does not show negligence.  The hirer in this case is bound to ordinary care, and is answerable only for ordinary neglect; and the burden of proof is on the bailor to show negligence, except where the bailee returns the goods in a damaged condition and refuses to give any account of how the injury occurred.  2 Kent's Comm., 790, 791; Edwards on Bailments, 311, 320.

*Johnson & Rietbrock*, for respondents:

1. The defendants hired the property in good condition, and returned it damaged; it therefore devolved upon them to explain the cause satisfactorily.  Their account shows negligence.  No prudent man will hitch a horse near a railroad track, without first knowing that the animal is accustomed to the noise of passing trains.  The offer of the defendant to pay damages was a confession of conscious negligence.  *Logan v. Matthews*, 6 Barr, 417.  2. The promise of the defendants to pay all damages was binding in law.  The action was one *ex contractu*, based on the contract of bailment.  Although the promise was not alleged in the complaint, yet, the fact being proved, the complaint should have been amended by the court.  3. The county court was authorized to give a new judgment for damages, upon the merits, and was not limited to a mere reversal of the judgment of nonsuit.  Counsel contended that this court in its decisions upon the subject, overlooked the difference between the statutes of 1839 and 1849, and that of 1858.  The statutes of 1839 and 1849 provided for a *certiorari* to bring up for review from the justice only the errors assigned.  The statute of 1858 provides for an *appeal*, and not for a *certiorari;* it provides for a review of the whole case, and a new finding and judgment, if need be.  The earlier decisions were under the statutes of 1839 and 1849, and, even if correct as applied to those statutes, should not have been followed and applied by the court to the statute of 1858, as was done in *Carney v. Doyle*, 14 Wis., 270, and *Stoppenbach v. Zohrlaut*, 21 Wis., 385.  The doctrine of *Dykens v. Munson*, 2 Wis., 245, when applied to

the statute of 1858, supports the power of the county court to render a new judgment.

COLE, J. This cause was commenced in a justice's court. On the trial, after the plaintiffs closed their case, the defendants moved for a nonsuit, which was granted by the justice. The plaintiffs then appealed to the county court, but omitted to file the necessary affidavit as to the amount of their claim, so as to secure a trial *de novo* in that court. The cause was therefore tried in the county court on the original papers and the return of the justice; and judgment was rendered in favor of the plaintiffs for $70, and costs. The first objection taken to this judgment here is, that the county court had no authority whatever to render a judgment upon the merits, but was limited to a mere affirmance or reversal of the judgment of the justice, in whole or in part. This position is unquestionably sustained by the previous decisions of this court as to the power of the appellate court in cases of this character. *Carney vs. Doyle,* 14 Wis., 270; *Stoppenbach vs. Zohrlaut,* 21 id., 385.

In the case of *Carney vs. Doyle,* considerable weight is given the previous decision of the court in *Dykens vs. Munson,* 2 Wis., 245, construing the provisions of the statutes of 1849. And that case to some extent followed the earlier cases in Chandler, arising under the statutes of 1839 and the statutes of 1849. *Phillips vs. Geesland,* 1 Chand., 57; and *Hibbard vs. Bell,* 3 id., 206. In all these cases, so far as the court had occasion to consider the power of the appellate court in this class of cases, it was declared that that court could only reverse or affirm the judgment of the justice in whole or in part, and had no authority to enter judgment upon the merits.

The correctness of the decision in *Carney v. Doyle* and *Stoppenbach v. Zohrlaut* is questioned by the counsel for the respondents, who insists that the court failed to give due weight to the difference between the provisions of the statutes of 1839 and 1849 and our present statute, and conse-

quently, it is said, misapplied the true doctrine of *Dykens v. Munson.* The latter case, it is suggested, was removed to the county court by *certiorari*, the office of which writ was merely to give the appellate court power to review and correct errors assigned in the proceedings before the justice; while *Carney v. Doyle* came up by appeal, which, *ex vi termini*, gave the appellate court power to review the whole record, and pronounce a judgment upon the merits " according to the justice of the case." It is true, the present statute provides for an appeal from the judgment of a justice in all cases, and has abolished the statutory writ of *certiorari.* And formerly there was likewise a very broad distinction between proceedings on error and on appeal, and the jurisdiction exercised by the appellate court was certainly widely different in the two cases. But because this was once a well established distinction as to the mode of proceeding in the two cases, it is not safe to assume that under the code the same distinction is inflexibly kept up. The legislature has provided that all civil causes may now be removed to the appellate court by appeal instead of a writ of error or *certiorari*, and yet it does not necessarily follow from this that the intention was that the appellate court should review the whole case upon the merits, and give judgment accordingly to the very justice of the case. In common law actions tried by a jury, this court is confined to an examination of the errors upon the record, although the case may come up by appeal. Because the case comes up by *appeal* instead of *writ of error*, it has not been supposed that the jurisdiction of this court over the cause was enlarged, or in any degree changed. And so in these cases removed from the justice to the county or circuit court by appeal. The proceeding by appeal was, doubtless, only intended as a substitute for the writ of *certiorari*, when that writ would formerly have been resorted to ; but this change of the method of bringing the cause to the appellate court was not intended to enlarge the jurisdiction of the court of review-

This has been our view of the statute, and we still think this construction of it is correct. And it follows from this that the county court had no power to render a new judgment upon the merits, as was done in this case.

We are, furthermore, inclined to hold, upon the record, that the judgment of the justice was correct, for the reason that the evidence failed to show negligence on the part of the defendants. The defendants, when they returned the horse, gave a full account as to how the injury happened. It is true, the defendants promised to pay all damages, but this is not to be construed into an admission that the injury was caused by their misconduct. They might have been willing to make good the loss though not in default. The action was not upon this promise; if it had been, we are inclined to think, upon the evidence before us, the plaintiffs should have recovered. But as the case now stands, we think the judgment of the county court must be reversed, and that of the justice affirmed.

*By the Court.* —So ordered.