## DETLING vs. WEBER.

*Appeal from justice's court, judgment on.*

Under the former decisions of the supreme court of this state upon the statute relating to appeals from justice's courts, where there is no trial *de novo* in the appellate court, and under the decisions upon the same statute in New York, before its adoption here, it must be regarded as settled, that while the justice's judgment may be reversed as to damages and affirmed as to costs, or *vice versa*, the judgment for costs cannot itself be severed into two parts, so as to be affirmed in part and reversed in part, nor can a similar severance be made of the judgment for damages. LYON, J, dissents.

APPEAL from the Circuit Court for *Washington* County.

On appeal from a justice's judgment in favor of the plaintiff, for sixty cents damages and $20.16 costs (the items of which are stated in the return of the justice), the circuit court modified the judgment by striking out certain items and parts of items of costs taxed against the defendant, and affirmed it as to the damages and the balance of the costs; and the defendant appeals to this court.

*Frisby & Weil,* for appellant:

An appeal from a justice's judgment for less than $15 exclusive of costs is a substitute for the review by *certiorari* under the old practice, and should be governed by the same rules. *Pfeil v. Harbolt,* 11 Wis., 9; *People ex rel. Williams v. Bigelow,* 11 How. Pr., 83; N. Y. Code, § 366; R. S., ch. 120, sec. 218. Under that practice, a judgment might be affirmed as to damages and reversed as to costs, on the principle that the judgment for damages is *distinct* from that for costs; but when the judgment is entire, there must be a total affirmance or reversal. *Bronson v. Mann,* 13 Johns., 460; *Timmerman v. Morrison,* 14 id., 369; *Williams v. Sherman,* 15 id., 195; *Dennison v. Collins,* 1 Cow., 111; *Sheldon v. Quinlen,* 5 Hill, 441; *Kasson v. Mills,* 8 How. Pr., 377; *Van Bokkelin v. Ingersoll,* 5 Wend., 341; *Phillips v. Geesland,* 1 Chand., 57; *Dykens v. Munson,* 2 Wis., 245; *Carney v. Doyle,* 14 id., 270, 272; *Hurlbut v. Wilcox,* 19 id., 419. The order in this case, not only striking out illegal items of costs, but dividing items and striking out parts of them, was extraordinary, and is not sustained by any authority.

*J. N. Frisby,* for respondent:

The power of the circuit court to reverse the judgment in part and affirm it in part is clearly given by R. S., ch. 120, sec. 218. The judgment of the justice's court consists of distinct matters or items appearing on the face of the judgment or record; and as to matters so appearing, the judgment may be affirmed in part and reversed as to the residue. *Fields v. Moul,* 15 Abb. Pr. 6, and cases cited; *Story v. N. Y. and Harlœm R. R. Co.,* 2 Seld., 85; *Cook v. Barrett,* 15 Wis., 596. And the application of that rule to this case does complete justice and should be adhered to.

DIXON, C. J. The only question in this case is, whether, on an appeal to the circuit court from the judgment of a justice of the peace rendered for a sum less than fifteen dollars, and where no new trial is sought or can be had in the circuit court, that court can reverse the judgment for costs in part and affirm

it as to the residue, an excess in the justice's taxation of costs being the only error complained of. The circuit court did so in this case; and from such judgment the defendant, who was the appellant below, appeals to this court. I think, under the practice as well settled by the decisions of this court, that this was error on the part of that court, and that it could only reverse the judgment of the justice entirely as to the costs, and affirm it as to the damages, against which no complaint was made. That the language of the statute under which the appellate court proceeds (R. S., ch. 120, sec. 218; 2 Tay. Stats., 1399, § 236) is very broad, and the authority conferred upon the court apparently more extensive than this, must, I think, be freely admitted.

Mr. Justice LYON is of opinion that it gives the power which the court below exercised, and that the judgment appealed from was right. If the question of construction were a new one, and if I did not consider myself bound by the judicial interpretation which the statute has already received, I must say the inclination of my mind would be to agree with him. It is not only a favorite rule of construction with me, but the settled rule everywhere now, I believe, that, where the language of a statute is plain, and the literal interpretation such as not to lead to that gross absurdity or injustice which clearly shows the legislature could not have intended it, the courts are bound to receive it according to its literal import, and apply and give effect to it according to the plain meaning of the words. Such a construction would uphold the judgment here, and I have sometimes been almost surprised that the courts of New York and the court of this state, put the construction upon it which it has received. It has, however, received a firm and settled construction of a different kind, and by that construction I feel myself absolutely bound, until the legislature shall have declared that another shall be given, or until, by new and emphatic words, it shall have changed the rule which now prevails.

The original statute (R. S. 1849, ch. 88, sec. 223),* which was borrowed from New York, and which this court hold, and as I think with entire correctness, in *Carney v. Doyle*, 14 Wis., 272, was quite as comprehensive, if not more so, than the present, had received an established judicial construction before it found its way into our statute books. The case in that state most in point upon the question here presented, is *Sheldon v. Quinlen*, 5 Hill, 441, where it was held that upon *certiorari*, under a statute in precisely the same words as our former one, the court could affirm in part or reverse in part only by affirming as to damages and reversing it as to costs, or *vice versa*, because as to damages and costs the judgment was for distinct things; but that there could be no further separation or partial affirmance and partial reversal. The court refused to assume, under the statute and upon the *certiorari* given by it, any greater powers in this respect than existed upon the writ of *certiorari* to the judgments of inferior courts at the common law. With this construction the statute was adopted in this state, and our court early held to the same interpretation. *Phillips v. Geesland* 1 Chandler, 57 ; *Dykens v, Munson*, 2 Wis., 245. In the latter case, as in the former, it was decided that the court was limited to an affirmance or reversal of the judgment in whole or in part ; and the case of *Sheldon v. Quinlen* was referred to with approbation by Chief Justice WHITON in the opinion. With this set-

---

* The statute of 1849, above referred to, is as follows: "The judge of the county court shall proceed and give judgment in the cause as the right of the matter may appear, without regarding technical omissions, imperfections or defects in the proceedings before the justice, which did not affect the merits, and may *affirm* or reverse the judgment *in whole* or *in part;* and may make any such final order, or judgment as he shall deem proper in furtherance of justice." Sec. 218, ch. 120 R. S. 1858, says: "Upon the hearing of the appeal the appellate court shall give judgment according to the justice of the case, without regard to technical errors, or defects which do not affect the merits. In giving judgment the court may *affirm* or *reverse* the judgment of the court below, *in whole* or *in part*, as to any or all of the parties, and for errors of law or fact."

Detling vs. Weber.

tled construction of the former statute, the present was enacted in its place, which this court has held confers no greater powers; and an appeal was given as a substitute for the *certiorari*, as has also been held by this court. *Carney v. Doyle, supra*, and *Pfeil v. Harbolt*, 11 Wis., 11. And this same construction has recently been sustained, notwithstanding a powerful appeal made against it and to this court to change it. *Mock v. Erdmann*, 28 Wis., 113. Under these circumstances, I conceive it to be my plain duty to adhere to it, notwithstanding any contrary views which I might otherwise entertain; and I must do so until the legislature shall have interposed in its discretion to change the rule, in case such change shall be thought advisable.

The only decision of this court having any appearance of conflict with those above cited, is in *Cook v. Basset*, 15 Wis., 596. It does not appear from the report that that was an appeal from the judgment of a justice under fifteen dollars, and I do not so understand the case. But if it was such appeal, it was a modification of the judgment for costs by order of this court, and the point here presented was passed *sub silentio*. The question was not raised or considered, and the decision goes for nothing as an authority upon it.

I think, therefore, that the judgment of the circuit court affirming the judgment of the justice in part as to costs and reversing it in part, must be reversed, and that the cause should be remanded to that court with directions to reverse the judgment of the justice in whole as to the costs, and to affirm it as to the damages.

  *By the Court.*— It is so ordered.

  LYON, J., dissents.