## SMALLEY VS. ERICSON

JUSTICE'S COURT. (1) *Judgment on appeal under sec. 218, ch. 120, R. S., must be for affirmance or reversal.* (2) *Remittitur will not cure judgment defective in this respect.*

1. On appeal from a justice of the peace, in a case coming under sec. 218, ch. 120, R. S., the circuit court can only affirm or reverse the judgment of the justice; and a judgment *de novo* on the merits is erroneous.

2. *It seems* that a *remittitur* by plaintiff of the damages adjudged to him by the circuit court, would not cure the error, even if filed before appeal taken from the judgment of that court; but in this case the *remittitur* was not filed until *after* appeal taken.

APPEAL from the Circuit Court for *Manitowoc* County.

This action was commenced in justice's court, where trial was had, and judgment rendered in favor of the defendant for $12 damages, and the costs of suit. The plaintiff appealed to the circuit court; where, upon trial on the return of the justice, the judgment below was reversed, and, in addition, plaintiff was adjudged to recover of the defendant $12.64 damages, and $37.36 costs. From this judgment defendant appealed.

*H. G. & W. J. Turner*, for appellant:

The judgment of the justice being for an amount less than $15, the circuit court, upon appeal, can only affirm or reverse it, as upon a common law *certiorari*, and can not give judgment upon the merits. Tay. Stats., 1399, § 236; *Mock v. Erdmann*, 28 Wis., 115; *Carney v. Doyle*, 14 id., 270; *Stoppenbach v. Zohrlaut*, 21 id., 385; *Deiling v. Weber*, 29 id., 559; *Phillips v. Geesland*, 1 Chand., 57; *Dykens v. Munson*, 2 Wis., 245; *Persons, Adm'r, v. Burdick*, 6 id., 63; *Pfeil v. Harboldt*, 11 id., 10; *Fairbanks v. Corlies*, 1 Abb. Pr., 150; *Moak v. Foland*, 3 How. Pr., 84; *Kasson v. Mills*, 8 id., 377; *Martin v. Beckwith*, 4 Wis., 219.

*P. J. Smalley*, for respondent, argued that the judgment of reversal was correct, and, to cure the error of the circuit court in awarding damages to the plaintiff, relied upon a *remittitur*,

which seems to have been filed after appeal taken. *McCoy v. Quick*, 30 Wis., 521.

RYAN, C. J. The appeal to the circuit court from the justice was governed by sec. 218, ch. 120, R. S.

The rule is well settled, that on such appeals the circuit court can only affirm or reverse the judgment, and cannot render any other judgment, except for costs of the appeal. *Dykens v. Munson*, 2 Wis., 245; *Carney v. Doyle*, 14 id., 270; *Stoppenbach v. Zohrlaut*, 21 id., 385; *Detling v. Weber*, 29 id., 559.

The judgment of the circuit court in this case, *de novo*, on the merits, is therefore erroneous.

It is claimed by the respondent, however, that the error of the judgment is cured by a *remittitur* of the damages adjudged to him by the circuit court. If filed in time, we do not think that the *remittitur* could have that effect. But we need not discuss the question, for the *remittitur* was not filed until after this appeal had been taken.

*By the Court.*—The judgment of the court below is reversed, and the cause remanded for judgment in conformity with this opinion.