## Rose Ball v. The Tribune Company.

### Gen. No. 11,955.

1. BILL OF EXCEPTIONS—*when "plaintiff" will be read "defendant."* Where it is apparent from the context that the word "defendant" was inadvertently used in the bill of exceptions instead of the word "plaintiff" the intended meaning will be adopted on appeal.

2. LIBEL—*what constitutes.* It is a question for the jury to determine whether it is libelous to publish an article reciting the immoral and suicidal acts of a person whose name is given and whose supposed likeness is printed in connection with the article, where such likeness is not that of the person named. but is that of an altogether different person who was in no wise intended to be referred to in the article.

3. VARIANCE—*when not established.* Held, that a variance between the declaration, which was in libel, and the proof did not appear.

4. MOTIONS TO EXCLUDE—*effect of.* Motions to exclude are in the nature of demurrers to the evidence, and hence they admit not only all the testimony proves, but all it tends to prove.

Action of trespass on the case for libel. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1904. Reversed and remanded. Opinion filed October 27, 1905.

BARTLETT & IRVING, for appellant.

A. S. TRUDE and JOHN BARTON PAYNE, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

This is an action of trespass on the case for libel brought by appellant against appellee. The gravamen of the case as laid in the declaration is the composing, printing and publishing of a certain article headed, "Give a Clew to Death Mystery," etc., published in the Chicago Tribune. The body of the article by its items relates wholly to one Pearle M. Ball. Immediately alongside of the head lines of the article was published a double column picture of the plaintiff, Rose Ball. At the conclusion of the plaintiff's evidence the defendant moved to exclude the evidence and to direct a verdict for the defendant upon the ground that there was a fatal variance between the proof and the plead-

ings.   The court sustained the motion and instructed the jury to find the defendant not guilty and entered judgment on the verdict.

In the bill of exceptions it is recited "that the jury returned a verdict against the defendant; whereupon the defendant, by her counsel, then and there moved the court to set aside the verdict so rendered and grant a new trial of this cause.   But the court denied the motion and gave judgment on the verdict against the defendant; to which decision of the court, in denying such motion and rendering judgment, the defendant by her counsel then and there excepted."

A motion by appellee to dismiss this appeal was made upon the ground that it does not appear from the bill of exceptions that any motion for a new trial was made by appellant, plaintiff below, or that any exceptions were taken or preserved to the ruling of the trial court by the plaintiff.

While the word "defendant" is used in the bill of exceptions in place of the word "plaintiff," we think it appears clearly from the context that it was a mere clerical error, and that the word "plaintiff" was intended to be used. Where the context affords the means of correction, the proper word will be deemed substituted.   Davis v. Judd, 11 Wis. 11; Stow v. Steel, 45 Ill. 333.   The motion to dismiss is denied.

The article complained of, except the picture of the plaintiff, is set out in *haec verba* in the declaration.   After setting out the article the declaration proceeds in the following language:

"And the plaintiff states that in the body of said article and as part thereof, in large and conspicuous style and manner, was printed and published the picture or likeness of a woman; that said picture or likeness was ostensibly and by the defendant published as the picture or likeness of the woman mentioned in said article and named Miss Ball, but plaintiff states that said picture or likeness then and there printed and published by the defendant was not

Ball v. The Tribune Co.

the picture or likeness of the woman mentioned in said article and named Miss Ball, neither does it, the picture then and there printed and published by the defendant, resemble or in any way correspond to the picture or likeness of the woman mentioned in said article and named Miss Ball; but plaintiff states that said picture or likeness then and there printed and published by defendant as the likeness of the woman who was said to have committed suicide was, and is a true and correct picture or likeness of plaintiff," etc.

The head lines of the article contained the words: "Young composer secured morphine late on the night of her death." Many statements in the article refer to the purchase of morphine by Miss Ball and to her death from taking morphine; that she was seen in a resort the evening before her death with a man whom she had met that night for the first time, and that she paid for the beer which was served to the couple.

The evidence showed that the picture of the plaintiff appeared in the paper alongside of the headlines of the article, and under the words: "Composer who was killed by morphine;" and under the picture was printed the name Pearle M. Ball. Above and below the picture were printed bars of music, and below the music were printed the words: "Samples of her musical compositions which have earned her a name among western composers."

The introduction of the article and the picture in evidence was objected to on the specific ground of variance between the declaration and the proof. They were admitted subject to the objection. At the close of the plaintiff's case the court gave the peremptory instruction asked by the defendant, holding that there was a variance. This is the controlling question here presented.

Authorities are cited by counsel for appellee to the effect that where a slander or libel or contract is set out *in haec verba* in the declaration, it must be strictly accurate, and any deviation therefrom in the proof amounts to a variance. But it is not pointed out to us wherein the article in question is not accurately set forth in the declaration.

It is urged, however, that the article published shows that it relates wholly to Pearle M. Ball, who was a different person from the plaintiff, and that it showed conclusively that it was not composed and published of and concerning the plaintiff, as alleged in the declaration. If there were no averments in the declaration of the publication of the picture of the plaintiff as a part of the article, thus connecting the article with the plaintiff, we would regard the point as well taken. These averments, while not artistically framed, are sufficient in substance, we think, to connect the article with the plaintiff, and constituted a sufficient foundation to make the article and picture admissible in evidence, in connection with the plaintiff's testimony that the published picture was a picture of herself. The words printed above and below the picture fairly tend to show that it was published in connection with and as a part of the article set out in the declaration. The position of the picture in the publication with relation to the article is a fact appearing from the publication itself, and in connection with the words of the article tends to show that the article and picture constitute one publication, thus affording a substantial ground for the inference of fact by the reader and by the jury, that although there is no reference in the article to the picture, the picture and the words printed above and below it were to be read and considered in connection with the article as a representation of the subject of the article.

Motions to exclude evidence, and motions to instruct the jury to find for the defendant in cases where it is claimed that there is any one essential allegation of the declaration which is unsupported by the evidence, are in the nature of demurrers to evidence, and hence they admit not only all the testimony proves, but all it tends to prove. The Joliet, Aurora & Northern Ry. Co. v. Velie, 140 Ill. 59; Bartelott v. International Bank, 119 Ill. 259; Frazer v. Howe, et al., 106 Ill. 563.

What the evidence offered tended to prove depends in part upon the question whether the article published is or

is not libelous *per se* if it applied to appellant.    Counsel for appellee contend it is not libelous, and therefore proof of the extrinsic matter alleged in the declaration was necessary to make out a case.

After a careful reading of the publication which is the foundation of the action, we are of the opinion that, if it applied to appellant and was untrue, it was libelous, and that its production in evidence and proof of publication, in connection with the plaintiff's testimony, tends to prove a cause of action against appellee which ought to have been submitted to the jury.    Elam v. Badger, 23 Ill. 445; Schmisseur v. Kreilich, 92 Ill. 347; Kraus v. The Sentinel Co., 60 Wis. 425; Culmer v. Canby, 101 Fed. Rep. 195; Farley v. Evening Chronicle Pub. Co., 87 S. W. Rep. 565.

Whether or not the article referred to the plaintiff, under the pleadings and evidence offered, was a question of fact for the jury.    Barron v. Smith, 101 N. W. Rep. 1107; Cooper v. Greeley, 1 Denio 347; Culmer v. Canby, *supra;* Morrison v. Smith, 177 N. Y. 366.

The peremptory instruction to the jury to find for the defendant was, therefore, error.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*