JOHN D. FREEMAN

*v.*

JOHN W. TINSLEY.

1. CONTINUANCE—*of the diligence required.* The practice is rigid in requiring an affidavit for a continuance to clearly and unequivocally show diligence on the part of the person who asks it. So, in an action for slander, the defendant set forth, in an affidavit for a continuance, that certain facts material to his defense, came to his knowledge from a witness named, only a few days before the term at which the application was made, and too late to procure his testimony; the affidavit was held insufficient, because it did not show that the party did not know from other sources, before that time, what facts he could prove by that witness, and from aught that appeared in the affidavit he might have known the facts months before the trial.

2. INSTRUCTIONS—*need not be repeated.* It is not error to refuse an instruction, though proper in itself, if it has already been substantially given in another instruction.

3. SLANDER—*effect of a plea of justification.* Where a plea of justification is filed in an action for slander, without an honest belief that it can be sustained, it only aggravates the slander—it is a new publication of the defamation, and should, therefore, aggravate the damages. On the contrary, however, if the plea was filed in good faith, it should never produce that result.

4. A party who files a plea of justification is not presumed to know what rebutting evidence can be produced, but if he so far establishes his plea that the jury would be justified in finding the justification proven, the mere fact that the plaintiff should successfully rebut the evidence against him, would not authorize additional damages against the defendant because he filed the plea.

32—50TH ILL.

5. SAME—*words spoken in anger.* While anger is not a justification for the use of slanderous words, or even a mitigation, unless provoked by the person against whom they are used, yet when he provokes and excites such passion as results in the use of slanderous words, that fact should be considered in mitigation.

6. NEW TRIALS—*excessive damages.* In all actions for tort, and actions sounding in damages, the question of the extent of damages is almost exclusively for the jury. It is only in cases where it is apparent that the jury have acted from prejudice, passion, from a misapprehension of the evidence, or from some improper motive, that a verdict will be set aside because it is excessive.

7. In an action for slander, where the words were spoken in high excitement, provoked by the plaintiff, and under a plea of justification it was shown the plaintiff had been indicted for the crime with which he was charged, and in connection with proof of doubtful associations of the plaintiff, left the plaintiff's character at least not above suspicion, a verdict for twenty-five hundred dollars was considered excessive, and a new trial was awarded for that cause.

APPEAL from the Circuit Court of Clinton county; the Hon. SILAS L. BRYAN, Judge, presiding.

This was an action for slander, commenced by the appellee, against the appellant, in the Circuit Court of Marion county. The cause was removed into the Circuit Court of Clinton county by change of venue, where a trial resulted in a verdict for the plaintiff below for $2,500. The defendant thereupon took this appeal. The opinion of the court contains a sufficient statement of the case, for a proper understanding of the questions decided.

Mr. W. STOKER, for the appellant.

Messrs. CASEY & DWIGHT and Mr. T. S. CASEY, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It is first urged, that the court erred in refusing to grant a continuance of the cause. The motion was based upon the

affidavit of appellant.   It states that appellant can prove by one Gray, who was in the penitentiary, facts material to his defense, under the issues ; that the facts came to his knowledge from Gray, but a few days before court convened, and too late to take his deposition ; that appellant expected to be able to procure Gray's deposition by the next term of court.   The practice is rigid in requiring an affidavit for a continuance to clearly and unequivocally show diligence on the part of the person who asks it.   Loose, vague and uncertain averments as to the evidence intended to be produced, or the diligence employed for its attainment, are not held sufficient on such applications. In this case, the affidavit only states that appellant learned the facts by letter from Gray, on the day named.   He does not state that he did not know from other sources before that time that he could prove the facts by Gray.   From anything that appears from the affidavit, he may have been fully apprised of the facts for months before the trial.   In this respect the affidavit was insufficient, and there was no error in overruling the motion.

The refusal of the court to give appellant's eighth instruction is assigned for error, and relied upon for a reversal.   It is this :

" The court instructs the jury for the defendant, that if you believe, from the evidence, that the proof offered by defendant, to sustain his plea of justification, tended to prove said plea, you should consider that circumstance in arriving at your conclusions, as to whether said plea was honestly and in good faith pleaded by defendant, believing that he could sustain the same by the evidence."

To which ruling of the court, in refusing to give said instruction, the defendant then and there excepted.

It is the well recognized doctrine of this court, that where a plea of justification is filed without an honest belief that it can be sustained, it only aggravates the slander—that it is a

new publication of the defamation, and should, therefore, aggravate the damages. On the contrary, however, if the plea is filed in good faith, it should never produce that result. And to determine that question, the jury should consider all of the circumstances under which the plea was filed. This, then, rendered the instruction proper, as it announced the true rule on that question. But it is urged that the fifth instruction given for appellant does not state the same principle. That instruction informed them, that if they believed the plea was filed honestly and *bona fide*, it should not aggravate the damages. The fifth instruction announces, although not so specifically, the same rule as that contained in the eighth, and we are clearly of the opinion that it was sufficiently explicit to have been fully understood by the jury, and rendered the giving of the eighth instruction unnecessary.

Nor do we perceive that appellee's second is repugnant to appellant's fifth instruction. They both announce correct legal principles. If appellant had no expectation of proving the justification when he filed his plea, it was but a repetition of the slander, and was such an aggravation as should have increased the damages, and appellee's second instruction announced this rule. On the other hand, appellant's fifth instruction distinctly informed them, that if he filed the plea in good faith, believing that he could sustain it, then, although not proved, it was not an aggravation, and should not enhance the damages. These two instructions very fairly and clearly announce the law on this subject.

It is urged, that the third of appellee's instructions was calculated to mislead the jury, by inducing them to believe that it was necessary that the proof should remove all reasonable doubt that appellant believed he could sustain his plea of justification. A careful examination of the two instructions shows that such is not the fact. The second referred alone to the measure of damages, while the third referred to the defense of justification. By it the jury were informed of the measure of proof necessary to establish the defense of justification.

We are unable to perceive that the jury could have believed the third instruction required that the evidence should remove all reasonable doubt that appellant believed he could prove the truth of his plea of justification.

We now come to the last point urged by appellant for a reversal, which is, that the damages are excessive. In all actions of tort, and actions sounding in damages, the question of the extent of damages is almost exclusively for the jury. It is only in cases where it is apparent that the jury have acted from prejudice, passion, from a misapprehension of the evidence, or from some improper motive, that the court will interfere to set aside their verdict, because it is excessive. In this case, it appears that the words spoken were in a quarrel between the parties; that they were used under high excitement, which, so far as we can see, was provoked, to a great extent, by appellee. Two of appellee's witnesses, who were present, testify that the first they heard of the altercation, appellee accused appellant of lying about him, and in reply to which the defamatory language was used by appellant. While anger is not a justification for the use of slanderous words, or even a mitigation unless provoked by the person against whom they are used, yet, when he provokes and excites such passion, that fact should be considered by the jury, in mitigation. A party is not so culpable who slanders another under such circumstances, as when it is deliberate and malicious.

Again, in this case, there was evidence tending to establish the truth of the plea of justification. Although not sufficient, when considered in connection with the rebutting evidence, to establish the truth of the plea, yet it seems to have been amply sufficient to justify appellant in believing that he could prove the plea when he filed it. He is not presumed to have known what rebutting evidence appellee would be able to introduce, but did know what he could prove, and his evidence, unrebutted, would have warranted the jury in finding the justification established. This being true, the jury were not

warranted in giving additional damages because that plea was filed.

It also appears that appellee had been indicted on the charge of being accessory before the fact, to the stealing of the horses for which Gray was convicted, and the evidence shows he had been repeatedly at Gray's about the time the horses were stolen, and to have known and associated with him. The facts show that his character was not above suspicion; that he had been strongly suspected of crime—so strongly that a grand jury believed, from the evidence before them, that he was guilty. It cannot, therefore, be said that his character was so good as to be above reproach. And a person with such a character is not entitled to the same amount of damages for a slander as a person who has always been above suspicion.

In view, then, of the fact that appellee provoked the anger and altercation which led to the charges made by appellant, and that the appellee failed to establish an unspotted reputation for honesty, we regard the damages as excessive, and so much so as to require the verdict to be set aside, and the case submitted to another jury. Under all the circumstances, we infer that the jury must have regarded the filing of the plea of justification as an aggravation, when the evidence shows it should not have had that effect. If such was not the case, then the jury must have failed to give the evidence the effect to which it was entitled, or must have been governed by prejudice or passion in arriving at their conclusions.

The judgment of the court below must be reversed and the cause remanded, for further proceedings not inconsistent with this opinion.

*Judgment reversed.*