## JACOB ZUCKERMAN

### *v.*

## ADOLF SONNENSCHEIN.

1. SLANDER—MALICE. The law implies malice from the publication of actionable words, but this implication may be explained and rebutted by the circumstances.

2. SAME. In a suit for slander it is error to instruct the jury that if the defendant used words imputing a crime, they must find for plaintiff, when the words were spoken under circumstances tending to show a want of malice. In such case the intent of the publication should be left to the jury under the proof.

3. SAME—MALICE. When words imputing the commission of a crime are used by the defendant merely for the purpose of translating the language of another from the German into the English language at the request and for the information of an attorney at law in a matter of business, the law will not infer malice in the defendant. Under such circumstances the use of the words may properly come within the range of privileged communications. If there was malice in fact it must be left to the jury to be found from the evidence.

APPEAL from the Superior Court of Cook County ; the Hon. WM. A. PORTER, Judge, presiding.

The facts sufficiently appear in the opinion of the Court.

Mr. ADOLPH MOSES, for the appellant.

Mr. GEORGE W. BRANDT, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The slanderous words charged are : " He is a robber;" " he is a thief;" "he is a forger;" " he gets notes for ten dollars, and changes them to one hundred dollars."

Some of the words are actionable *per se ;* and .the law implies malice from the publication of actionable words. This implication, however, may be explained and rebutted by the circumstances.

Brandt, an attorney, had a note for collection against appellant's father. The father and son were both Germans ; and the father was unable to converse in the English language. They were together in Brandt's office, at his request, to talk about the note. The slanderous words were then used in the hearing of Brandt, Higby and Hoffman, all attorneys at law, in the same office.

The plaintiff in the suit below obtained his information of

the speaking of the slanderous words from Brandt, who was the attorney in the suit.

It was error to instruct the jury, that if the defendant used words imputing a crime, they must find for plaintiff.

The instruction asked by defendant, that if he did not intend imputing a crime by the speaking of the words, he was not guilty, should not have been modified by the court.

The intent of the publication should have been submitted to the jury under the proof.

The evidence is not satisfactory that appellant spoke the words in any other manner than as a translation from the German into the English language, at the solicitation of Brandt. The conversation about the note, and the publication of the slander charged, were at the same time.

If the words were used by appellant merely for the purpose of translating from the German into English, and at the request, and for the information of the attorney, then they might be excusable on account of the cause of publication. There would then be no malice in law; and the malice, in fact, should be determined by the jury. The use of the words might properly come within the range of privileged communications.

In *McKee* v. *Ingalls*, 4 Scam. 30, the slanderous words were : " You are a thief. If you have got money you stole it."

The general issue only was pleaded ; and the court sustained the following instruction as correct:

" That if the jury believe, from the testimony, that Ingalls, at the time he called McKee a thief, did not intend to impute felony to him, the words are not actionable, and they must find for the defendant."

The controlling consideration is the *quo animo*. *Cummerford* v. *McAvoy*, 15 Ill. 311.

In the case of *Read* v. *Ambridge*, 6 C. & P. 308, the words were : " He is the most blasted thief in the world, and ought to have been hung, etc. ; " " he is a bloody thief; " " he robbed Mrs. Read."

DENMAN, C. J., in summing up, told the jury : " that the

first question for their consideration was, whether they thought the words showed an intention to impute felony."

Words standing alone may import malice, and indicate a wicked intent. Surround them with the circumstances under which they were spoken, and the malice disappears.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*