## WILLIAM F. FLAGG

*v.*

## GEORGE W. ROBERTS.

1. CHANGE OF VENUE—*waiver of defects in certificate.* The defendant moved to strike a cause from the docket of the court to which the venue had been changed, for irregularities in the certificate of the clerk of the court in which the action originated. But it was shown that he had appeared in the court to which the cause had been sent, at a previous term; and excepted to the ruling of the court in suppressing a deposition; and, also, upon motion and affidavit, obtained a continuance: *Held*, that his appearance at the preceding term, and the steps taken by him in the cause, were a waiver of any irregularities there might have been in the clerk's certificate.

2. SLANDER—*whether the anger of party is allowable in justification or mitigation.* The anger or passion of the defendant at the time of the publication of slanderous words, is no justification or mitigation of the damages, unless the passion was provoked by the plaintiff, and even then it can only be shown in mitigation of damages.

3. SAME—*malice implied.* When slanderous words are published, such as impute the crime of perjury, the law will imply malice and a consequent injury. In such a case, anger affords no justification. It can only palliate the offense and reduce the damages where the plaintiff has provoked the slander.

4. SAME—*as to the proof of the words charged.* In an action for slander, it is sufficient to prove the words charged, or enough of them to establish the slander charged in the declaration. It is not necessary to prove malice, but the jury may infer it from the proof of the words.

5. SAME—*pecuniary circumstances.* In slander, the jury may take into consideration the pecuniary circumstances of the parties in assessing damages; and where it appeared that the defendant was worth over $100,000, and that the plaintiff was a man in humble life, and the slander imputed to the defendant the crime of perjury in a suit of the plaintiff against the defendant to recover for his labor, and that the slander was uttered in a public place, in the hearing of many people, it was *held*, that a verdict of $2000 was not excessive.

6. INSTRUCTION—*repeating.* Where the substance of a refused instruction is contained in others given, there will be no error in refusing the same, as the party can not be injured thereby.

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

This was an action on the case, by George W. Roberts, against William F. Flagg, for slander. The facts of the case are stated in the opinion.

Mr. E. M. PRINCE, Mr. O. W. ALDRICH, and Messrs. ROWELL & HAMILTON, for the appellant.

Messrs. HUGHES & McCART, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The objection that there is no convening order of the court, is answered by the amended record, which shows one.

A change of venue was taken by appellant from McLean to Logan county. It is insisted that the certificate of the clerk of the former county is defective in not showing that the papers accompanying the transcript were all the papers, and were the original papers filed in the cause, and that the case should have been stricken from the docket. Before the motion was made for such purpose, and at the previous term, the party appeared in the Logan circuit court and excepted

to the ruling of the court in the suppression of a deposition ; and also, upon motion and affidavit, obtained a continuance of the cause.    The defects in the certificate of the clerk were irregularities which might be waived. The appearance of the party, and the several steps taken in the cause, must be held to be a waiver of any irregularity if it existed.   The effect of the motion, if granted, was mere delay, and should, therefore, have been sooner made.

The action in this case was for slanderous words. The general issue and justification were pleaded, but the latter plea was withdrawn before trial.

Objection is made to an instruction that the passion of the defendant, at the time of the publication of the slanderous words, was no justification or mitigation of the damages, unless the passion was provoked by the plaintiff.

A similar instruction was reviewed by this court in the case of *Hasley* v. *Brooks et ux.* 20 Ill. 116, and it was held that, as the law implied malice from the speaking of actionable words, the passion of the slanderer could have no tendency to rebut the malice thus implied.   See, also, *Harbison* v. *Shook*, 41 Ill. 142.

The same principle was announced in *Freeman* v. *Tinsley*, 50 Ill. 497, with the modification that, if the passion was excited by the person slandered, then it should be considered by the jury in mitigation.

In the case first cited, the declaration of the court, as to the effect of anger, is not *dictum*, as is supposed.   The court below modified an instruction asked by the defendant, that, if the words were spoken in heat and passion, then the jury should find for the defendant, by adding, after the word "passion," the words "and without malice ;" and this court held that the instruction should have been entirely refused.

According to the cases cited, and upon principle, there was no error in the instruction.

The opposite doctrine would permit the slanderer to simulate passion and vent his malice, and blacken character with

impunity. When slanderous words, such as are contained in the declaration, are published, the law implies malice and a consequent injury; and the injury is as great, whether they were uttered with or without passion, unless the passion is caused by the party slandered. In such case, even anger would be no justification. It could only palliate the offense and reduce the damages to which a party might be entitled who had provoked the slander. It would corrupt society and destroy its peace if a man should be deprived of compensation for defamation of his good name because of voluntary or involuntary passion which he had never provoked.

There is no objection to the second instruction given for the plaintiff, of which complaint is made. It embodied a correct principle of law, that, if the words charged were proved, or enough of them were proved to establish the slander charged in the declaration, then the jury might infer malice from the speaking.

The instruction given by the court, of its own motion, was as full and as intelligible to the jury as that portion of defendant's second instruction refused, and hence no injury could have resulted from the modification.

One instruction asked by the defendant was neither marked "given" nor "refused." The court, however, gave an instruction substantially the same, so that the defendant could not have been injured. The statute, as to the duty of the judge as to the written instructions presented to him, should be obeyed; but where no injury has resulted, we can not reverse a judgment for the mere omission of the judge to perform his duty.

It is contended that the verdict was excessive. It was for $2000. The words were spoken in a public place, and in the hearing of divers persons. They charged the serious crime of perjury. The defendant was worth over $100,000, and it was proper to consider his pecuniary circumstances in assessing the damages. The plaintiff was a man in humble life, whose good character may have been his chief reliance. The

slander was uttered in reference to his testimony in a suit to recover the wages of his labor. Such denunciations are too common, and we shall not disturb the verdict.

The judgment is affirmed.

*Judgment affirmed.*

Mr. JUSTICE SHELDON dissents as to the giving of the first named instruction, as respects mitigation of damages.