Lafollett v. McCarthy.

Judgment affirmed.

## JOHN LAFOLLETT
### V.
## JEREMIAH McCARTHY.

1. SLANDER.—In a case of slander the words charged were " You had better go to Tom McWade and pay him back the $20 you got from him by false pretenses." *Held*, that the words imply malice.

2. INSTRUCTIONS—PLEADINGS AND PROOFS.—Where defendant did not show any circumstances tending to rebut the implication of malice but merely testified that the words used were different from those laid in the declaration, and this upon the pleadings and proof was the only issue for the jury to try, the defendant can not complain that the instructions did not submit the question of malice.

APPEAL from the Circuit Court of Champaign county ; the Hon. CYRUS EPLER, Judge, presiding. Opinion filed December 4, 1885.

Mr FRANCIS M. WRIGHT and Mr. L. A. SMYRES, for appellant.

Mr. J. L. RAY, for appellee.

PLEASANTS, J.  Case for slander, plea not guilty, verdict

and judgment for plaintiff for $55, and appeal by defendant, whose complaint is that the instructions did not submit to the jury the question of malice under the rule in Zuckerman v. Sonnenschein, 62 Ill. 115.

The words charged are: "You had better go to Tom McWade and pay him back the twenty dollars you got from him by false pretenses," and there was evidence clearly tending to prove them. Unexplained they impute a crime, not indeed by strict definition, which is unnecessary, but by general description identifying it to the common understanding, as by a name, which is sufficient and therefore implies malice. What distinguishes the case from the one above cited is the failure on the part of the defendant here to show any circumstances tending to rebut this implication. He merely testified that the words used were different from those laid in the declaration. Thus, upon the pleadings and proofs the only issue for the jury to try was upon the speaking of the words so laid, and upon this issue they were fairly instructed.

Judgment affirmed.