# CLARA GILMORE
## v.
# MARY LITZELMAN.

*Libel—Publication—Privileged Communications.*

1. Where the evidence in a given case is conflicting, questions of fact are for the jury, and their verdict can not be disturbed, there being sufficient evidence to sustain it.

2. A plea of want of malice is different from a plea of justification; a plea of want of malice should plead the facts and make the absence of malice the issue as tendered.

3. Proof of speaking or publishing actionable words is *prima facie* proof of malice.

4. It is proper, in an action for libel, to refuse an instruction offered by the defendant on the theory of a privileged communication, there being no such plea to the declaration, a plea of justification being filed instead.

[Opinion filed October 27, 1891.]

APPEAL from the Circuit Court of Jasper County; the Hon. WILLIAM C. JONES, Judge, presiding.

Messrs. GIBSON & JOHNSON, for appellant.

Messrs. HARRAH & DAVIDSON and PARKER & CROWLEY, for appellee.

PHILLIPS, J. This is an action for libel brought by appellee against appellant for the publication of the following letter:
"NEWTON, ILL., June 6, 1889.
"MR. GEORGE LITZELMAN:
"Your daughter Mary was in town yesterday and went behind my counter and stole $5. I have proof that will send her to the penitentiary. I at first thought of arresting her, but I knew what a blow it would be to her parents. Please call and settle amount. I will give you until Saturday morning. If not settled I will notify Sheriff Ross.
"Resp'y,
"CLARA GILMORE."

To the declaration the defendant filed one plea averring the truth of the charge and concluding as follows: "And the said plaintiff, being a daughter of the said George Litzelman, in the said declaration mentioned, and then residing with him, the defendant, without malice toward the said plaintiff, for the purpose of inducing, procuring or obtaining a return or repayment to her, the said defendant, of the said $5 of her goods and chattels, so by the said plaintiff taken, stolen and carried away as aforesaid, on to wit, on the day and year in the said declaration mentioned, at the county aforesaid, wrote and published of and concerning the said plaintiff the said several words, in the said declaration mentioned, as she lawfully might, for the reason aforesaid," etc.

A verdict of guilty and assessing plaintiff's damage at $200 was rendered, and judgment entered thereon. It is insisted, first, that the verdict is against the evidence. Where the evidence is conflicting the question of fact is for the jury, and we can not disturb the verdict where there is sufficient evidence to sustain it. There is in this record evidence which fully sustains the verdict on the question of fact. The question most earnestly urged, is, that this letter was a privileged communication, and before a verdict can be sustained, malice in fact must be shown, and that plaintiff did not show express malice. It is further urged that instructions asked by the appellant on that theory and refused by the court was error. While the defense that words spoken or published were not spoken or published in the malicious sense imputed in the declaration, but in an innocent sense, or upon an occasion which warranted the publication, may be given in evidence under the general issue, yet, the want of malice may be specially pleaded. 1 Chitty on Pleading, 492. A plea of want of malice is different from a plea of justification. A plea of want of malice should plead the facts and make the absence of malice the issue as tendered. In this case the plea is a plea of justification making the truth of the charge the issue tendered by the plea. On the trial it was treated by the appellant as a plea of justification. The defendant demanded the right to open and close the case on the trial on their plea

of justification, and the court granted that privilege.   The evidence offered by defendant in chief was evidence to sustain a plea of justification, and not evidence seeking to show a privileged communication.   The defendant asked, and the court gave to the jury instructions that " if the greater weight of such testimony is in favor of the truth of the charge made against the plaintiff by the defendant in the letter upon which the suit is brought, you should find the defendant not guilty."

The plea was treated as a plea of justification by the defendant on trial, and the court, at the instance of defendant so treated it, and the defendant ought not now to be heard to say it is a plea of a different character.   It is a plea of justification and not a plea of privilege.   There was no plea of general issue or plea of privilege to the declaration in this case, hence in refusing instructions asked on the theory of the letter being a privileged communication, there was no error. Proof of speaking or publishing actionable words is *prima facie* proof of malice.   Zuckerman v. Sonnenschein, 62 Ill. 115; Flagg v. Roberts, 67 Ill. 485.   With the proof of publication as shown in this case, there was no error in giving plaintiff's instructions.   Finding no error in the record this judgment is affirmed.

*Judgment affirmed.*