## C. C. Hill v. Thomas F. Leffler.

1. SLANDER—*what does not raise presumption of malice.* A presumption of malice does not arise from merely telling to another what some one else has stated.

2. SLANDER—*proof of words charged.* It is not sufficient that the slanderous words set up in the declaration should be substantially proven; they must be proven literally and enough of them to establish the slander charged; other equivalent words will not do.

Action on the case for slander. Appeal from the Circuit Court of St. Clair County; the Hon. R. D. W. HOLDER, Judge, presiding. Heard in this court at the August term, 1906. Reversed and remanded. Opinion filed March 15, 1907.

M. McMURDO and L. D. TURNER, for appellant.

WEBB & WEBB, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

This is an action on the case for slander by appellee against appellant. A trial by jury on a plea of not guilty resulted in a verdict and judgment for the plaintiff for one hundred dollars and from this judgment the defendant appealed. The declaration is in three counts in which the words alleged to have been used are set out with innuendo that the defendant intended thereby to charge the plaintiff with larceny. The words complained of are: "Tom Leffler was not sick and confined to the house on account of rheumatism, but was suffering from the effects of gunshot wounds received while stealing chickens on the farm of Mrs. Smith." "He is not sick on account of rheumatism but is suffering from gunshot wounds he got while stealing chickens of Mrs. Smith." The same language is again repeated, only substituting the word "widow" Smith for "Mrs." Smith, and in another place substituting the words "laid up" for the words "suffering from," and in another place substituting the words "was sick from," and in another place simply a transposition of the words alleged to have been used.

It appears from the evidence that in June, 1905, appellee was sick with rheumatism and for a time confined to his home in Marissa, Illinois, and that during this period some chickens were stolen from Mrs. Smith, living on a farm five miles south of Marissa, and that the person who did the stealing was shot at by Roy Smith, her son. A rumor was current and matter of general gossip in the village and vicinity, that appellee was not suffering from rheumatism as given out, but that he had been shot while stealing Mrs. Smith's chickens. Four witnesses were called and testified in behalf of appellee. The testimony of the first witness Phillips was excluded as not tending to prove the words alleged. John Blank, the second witness, testified that appellant told him that, "it is a mistake about Mr. Leffler having rheumatism," "he (appellee) got shot about five miles south of Marissa on Mrs. Smith's farm stealing chickens." Sam Verbal testified that appellant said "that Leffler had been shot in place of having rheumatism." Theodore Thompson testified that, "Mr. Hill told me that Gate Hill told him that Mr. Leffler was not suffering with rheumatism, but from being shot out at Mrs. Smith's stealing chickens." We have here recited substantially all the evidence offered by appellee. Appellant moved to exclude the testimony of each of plaintiff's witnesses. The court excluded the testimony of Phillips, but overruled the motion as to the other witnesses. The testimony of Verbal and Thompson should likewise have been excluded and to allow their testimony to go to the jury was highly prejudicial, especially when considered in connection with appellee's first given instruction, yet to be considered. There is not a word in Verbal's testimony in proof of language used by appellant to support the slander alleged, and nothing in the testimony of Thompson from which it may be inferred that appellant in repeating what he had been told, intended to charge the appellant with the crime of larceny. As contended by appellee, one may not repeat and give currency to slander of another and himself be absolved from liability for the consequences of his act merely by showing that he did not originate the slander-

ous words and that he coupled his publications of the words
with the statement that it was what others told him. Never-
theless, in merely telling to another what somebody else has
said, there is no presumption of malice, though the words
repeated are actionable *per se*. In such case the words used
may not be imputed to the defendant without proof or cir-
cumstances shown from which it may be inferred that they
were used by the defendant in malice, that is, to charge the
plaintiff with an offense in the meaning of the actionable
words. In other words, actual malice and consequent injury
must be proved. There is nothing in Thompson's testimony
from which to say that appellant charged or intended to
charge appellee with stealing chickens.

Appellee asked and the court gave the following instruc-
tion: "The court instructs the jury, that while it is neces-
sary to entitle the plaintiff to recover in action of slander,
that he should prove the slanderous words alleged in the dec-
laration, still it is not necessary to prove all the words that
are charged to have been spoken. It is sufficient to prove
substantially the words in some one or more of the state-
ments of slanderous words contained in the declaration."
It is not sufficient that the words alleged be proved substan-
tially. They must be proved literally and enough of them
to establish the slander charged. Other equivalent words
will not do. It is not essential that every word alleged shall
be proved and it is permitted that words not alleged may be
proved, provided the additional words do not change the
meaning or do away with the charges. Wilborn v. Odell,
29 Ill., 456; Zuckerman v. Sonnenschein, 62 Ill., 115;
Schmisseur v. Kreilich, 92 Ill., 347. Under this instruc-
tion the jury might and probably did consider the testimony
of Verbal and Thompson as proof of the words substantially
as alleged and they may have regarded the words "Leffler
had been shot in place of having rheumatism" as substan-
tially the same in meaning as the words alleged. The giv-
ing of this instruction was reversible error. There was some
evidence tending to prove the cause of action and whether
or not appellee can establish his right to recover by a pre-

ponderance of all the evidence must be left for determination to another trial.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*