## LUDWIG BAKER and CAROLINE BAKER

*v.*

## AUGUSTA YOUNG.

1. PRACTICE — SLANDER — *allegations and proof.* In actions for slander, the plaintiff, to recover, must prove the language laid in the declaration, or as much at least as fully proves the charge; equivalent words in meaning will not suffice. All of the words need not be proved, if those which are proved fully establish the slander, but words proved which limit or qualify the meaning of those counted on, will defeat a recovery. If all of the words laid are necessary to constitute the slander, then all must be proved as laid.

2. SAME. Where the words charged were that plaintiff "was in the family way, and Rink and his wife took her to a Chicago doctor to have the child worked off," — *held*, that proof that defendants said that plaintiff "was in the family way by Tom Beal" sustained the averment. The declaration proceeds for a slander in charging the plaintiff with fornication, and the language proved proves enough of the words to make out the slander. *Held*, that the additional words laid in the declaration, or those proved, did not alter or modify the charge of fornication. Also held that there was no variance.

3. INSTRUCTIONS. *Held*, that an instruction which informed the jury, that if a sufficient number of the words laid in the declaration had been proved, which in their common acceptation, would amount to a charge of fornication, they should find for plaintiff, was not calculated to mislead the jury, and the court did not err in giving it. *Held*, that it does not mean that it did not matter how the words were connected, but that they must be considered in their connection with each other in the sentence.

4. SAME. An instruction in a case of slander which informs the jury that the law implies damages from the speaking of slanderous words, and that a defendant intends the injury the slander is calculated to produce, and that the jury, in case they find a verdict of guilty, are to determine what damages ought to be given under all of the circumstances, is not erroneous. Such an instruction does not inform the jury that the defendant is guilty.

5. SLANDER — *words spoken by the wife.* Where the wife alone speaks slanderous words concerning another person, the husband and wife must be joined as defendants, but they cannot be jointly sued for slander by both. If the wife spoke the words, the jury were bound to find a verdict against both, when they are jointly sued. Nor is a verdict defective which finds defendants guilty, but omits to say in manner and form as charged in the declaration.

6. EVIDENCE — *credibility of witnesses.* The weight to be given to evidence and the credibility of witnesses, are questions for the jury to determine. The amount of damage sustained by a plaintiff for slander by a defendant, is also a question within their province, and the verdict will not be disturbed unless they are palpably excessive, or there was manifest prejudice or other misconduct of the jury.

APPEAL from the Circuit Court of Stephenson county; the Hon. BENJAMIN R. SHELDON, Judge, presiding.

Augusta Young brought an action on the case for slander, in the Circuit Court, against Ludwig Baker, and Caroline Baker, his wife. The declaration averred, that the plaintiff was an unmarried woman, and that Caroline Baker falsely and maliciously spoke these words: " 'Gusta Young is in the family way, and Rink and his wife took her to a Chicago doctor to have the child worked off." Also, that " 'Gusta Young was with child, and that Rink and his wife took her to a Chicago doctor to have the child worked off." There were other words charged, but, not being proved, they are omitted. Defendants filed the general issue denying that she spoke the words, upon which issue

was joined. The venue was' afterward changed to Stephenson county.

A trial was had by a jury at the September Term, 1866. On the trial Mrs. Snyder testified, that she heard Caroline Baker, one of the defendants, say, "Augusta Young was in the family way by Tom Beal." William Snyder testified that Mrs. Baker said, "Augusta Young was in the family way. 'Gusta Young is in the family way by Tom Beal. Rink and his wife had taken her to Chicago to have the child worked off." That Mrs. Snyder said she pitied them, but Mrs. Baker said that she did not; "that she rejoiced in it; that they were a high minded set any way, and it would bring them down a peg or two." Mrs. Snyder states substantially the same in reference to Mrs. Baker saying, that she rejoiced at the occurrence of which she had spoken. There was other evidence as to what was said, and as to the feelings of witnesses, etc.

Defendants moved the court to exclude the evidence because it varied from the language charged in the declaration. The court overruled the motion and defendants excepted.

Among others, the court below gave these instructions:

"The jury are further instructed, that all the words laid in the declaration need not be proven to maintain the action, unless it takes them all to constitute the slander, and if they believe from the evidence that a sufficient number of the words laid in the declaration to amount in their common acceptation to a charge of fornication against the plaintiff, have been proved to have been spoken by the defendant Caroline Baker, then they must find for the plaintiff."

"The jury are further instructed that in actions for slander the law implies damages from the speaking of actionable words, and also that the defendant intended the injury the slander is calculated to effect, and the jury, in case they find a verdict of guilty, are to determine from all the facts and circumstances in the case, what damages ought to be given, and are not confined to mere pecuniary loss or injury."

To the giving of which said instructions and each of them,

of the said plaintiff and appellee respectively the said defendants and appellants then and there excepted.

Defendants asked instructions involving propositions the reverse of those contained in these instructions, which the court refused to give, and they excepted.

The jury returned this verdict: "We, the jury, find the defendants guilty, and assess the damages at $800."

Defendants thereupon entered a motion for a new trial, and also in arrest of judgment, which were overruled by the court, and a judgment was rendered on the verdict. Defendants bring the case to this court on appeal, and ask a reversal, because the court below refused to exclude appellee's evidence; that the court erred in giving appellee's instructions; in refusing to give appellants' instructions, and in overruling the motions for a new trial, and in arrest, and in rendering judgment on the verdict.

Messrs. GOODWIN & WILLIAMS, for the appellants.

Messrs. BARGE & HEATON, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

In actions for slander, the plaintiff must prove the language laid in the declaration, or so much, at least, as fully proves the charge. Equivalent words in meaning will not be sufficient. It is true, that all of the words in the sentence need not be proven, if those which are proved fully establish the slander. If, however, other words not laid are proved, which limit or change the meaning of those counted on, the action will not be sustained. If all the words laid are necessary to constitute the slander, then they must be proved as laid. *Sandford* v. *Geddis*, 15 Ill. 228; *Patterson* v. *Edwards*, 2 Gilm. 720; *Williams* v. *Odell*, 29 Ill. 156.

The words relied upon as having been proved, are contained in the second count, and are these: "'Gusta Young was in the family way, and Rink and his wife took her to a Chicago doctor to have the child worked off." "'Gusta Young is in

the family way, and Rink and his wife took her to a Chicago doctor to have the child worked off." Mrs. Snyder testifies that Mrs. Baker stated that, "Augusta Young was in the family way by Tom Beal." Wm. Snyder testified that she stated, "'Gusta Young is in a family way;" "'Gusta Young is in a family way with Tom Beal;" Rink and his wife had taken her to Chicago to have it worked off, or, "to have the child worked off;" can't tell which. He again states the latter words both ways. It is urged that there is a variance between the words laid and the words proved, because more are proved than laid.

The declaration proceeds for an injury in charging appellee with fornication, and under the authorities above referred to, if enough of the words were proved to establish the slander, then appellee was entitled to recover. Snyder swears to one set of the words as laid. He also swears to another, with additional words, but which in no sense alter or change the slander. They only point out more specifically the manner of the offense charged. They only specify the person with whom it was charged that appellee had committed fornication, and that an effort had been made to produce an abortion. This is equally true of Mrs. Snyder's testimony. These additional words did not alter the charge, that appellee, who was an unmarried woman, was pregnant, and which implied that she had been guilty of fornication, as charged in the declaration. We are therefore of the opinion that the jury were warranted in finding that there was no variance, and that the slander was proved.

It is urged, however, that the fifth of appellee's instructions was erroneous, being calculated to mislead the jury. It informed them, that if they believed from the evidence that a sufficient number of words laid in the declaration, to amount, in their common acceptation, to a charge of fornication against appellee, had been proved to have been spoken by Caroline Baker, they should find for appellee. We have seen that such is the law. But it is insisted that it informed the jury it did not matter how the words were connected, whether uttered in the same sentence, connection, conversation, or otherwise.

This is not the natural import of the language of this instruction, nor do we suppose the jury so understood it, when we can see that connected clauses of sentences proved would, in their natural construction, clearly imply the charge. Had it been otherwise, then the instruction might have been liable to the criticism placed upon it by appellants. Nor do we see that the instruction assumes, that a sufficient number of words had been proved to establish the slander. The jury are told, that if they believe that such words had been proved, they would find for appellee.

It is insisted that the seventh of appellee's instructions was erroneous. It informs the jury, that in actions for slander, the law implies damages from the speaking of actionable words, and also that the defendant intended the injury the slander is calculated to effect; and the jury, in case they find a verdict of guilty, are to determine from all the circumstances in the case, what damages ought to be given, and are not confined to mere pecuniary loss or injury. We do not think that this instruction can be reasonably understood to assume the guilt of appellee, or the circumstances in the case, as insisted by appellants. It simply lays down a rule of law applicable to cases of slander, and leaves the jury to apply it to the case under consideration. The natural import of the language is, not that the defendant named in the instruction is the defendant in this case, or that the circumstances were those in this case, but that the instruction refers to any defendant, or the circumstances in any case of slander. We are, therefore, of the opinion that it announces a correct principle of law, applicable to this case, and did not mislead the jury.

It is objected, that the verdict is insufficient to sustain the judgment. It is urged that the plaintiff, Ludwig Baker, did not become *particeps criminis*, and should not be found guilty without having been accused, and having an opportunity of defending himself. The words in this case were spoken by the wife alone, and the question sought to be raised is, whether a judgment can be recovered against him for slander uttered by the wife. The rule is laid down by Chitty, that for torts com-

mitted by the wife, during marriage, as for slander, assault, etc., or for any forfeiture under a penal statute, they must be jointly sued; but that they cannot be jointly sued for slander by both. 1 Chitty Pl. 92. From this rule, and it seems to be fully supported by authority, if the jury found in this case that the wife spoke the words, they were compelled under the issue and the law to find a verdict against both defendants, they being husband and wife. Nor do we see that the verdict is defective, because it fails to state that they found appellants guilty in manner and form as alleged in the declaration. This would, no doubt, have been strictly formal, but such was the obvious meaning of their finding. It was, we think, clearly responsive to the issue.

As to the question of the credibility of witnesses, that was for the determination of the jury. In the conflict of evidence, whether real or only apparent, it was for them to give weight to such portions as they found to be worthy of belief. In this case we see no reason for disturbing the verdict, because it is not sustained by the evidence. Nor can we say that the damages found were excessive. That was a question for the finding of the jury, and will not be disturbed, unless the damages are palpably excessive, or there was manifest prejudice, or other misconduct of the jury. We are, after a careful examination of this entire record, unable to perceive any error for which the judgment of the court below should be reversed, and it must therefore be affirmed.

*Judgment affirmed.*