## MARY ANN SCHMISSEUR

### *v.*

### LOUISA KREILICH.

1. ALLEGATIONS AND PROOFS *in action for slander—whether the words are proven as laid, and of the rule in that regard.* In an action for slander proof of equivalent words to those laid in the declaration is not admissible; but it is not essential that every word alleged shall be proved, and that none be proved except those alleged. Where all the words alleged constitute one entire charge they must all be proved; but it is not necessary to prove the whole of a continuous sentence as alleged, provided the meaning of the words proved is not varied by the omission of the others.

2. In this case the words laid were spoken, if spoken at all, in the French language, as follows: " *La fille, Kreilich, a fait la putaine avec mon garcon,*"— translated: "The girl, Kreilich, has acted (made) the whore with my boy." " *Elle a fait la putaine a Belleville, a St. Louis, et au village,*"—translated: "She has acted (made) the whore in Belleville, in St. Louis, and in the village." The words proven were: " *Elle a fait la putaine avec mon garcon,*"—translated: "She has acted the whore, made the whore, or acted the whore with my son," "*Elle a fait la putaine a St. Louis, a Belleville, et au village Francais,*"— translated: " She has made or acted the whore in St. Louis, Belleville and French Village."

At least one set of the words laid was held to be sufficiently proven. The gravamen of the charge was that the girl had acted the whore, and at what place or with whom was of no consequence.

3. SAME—*proof of words not laid, as showing malice.* Other words imputing the same charge, though not laid in the declaration, were held admissible for the purpose of showing malice.

4. SAME—*matters in the innuendo alleged—whether to be proved.* Words laid in a declaration were, substantially, that the plaintiff, a young woman, had whored, and the innuendo was that the words laid were spoken with the intent to charge the *crime* of fornication. It was *held*, the innuendo was not to be understood as alleging that the words laid amounted to a charge of the *crime* of fornication, so it was not necessary to prove words having that effect.

5. SLANDER—*actionable words.* The words spoken of a woman, that she "had acted the whore," are actionable. Such words are equivalent to charging that she had been guilty of fornication or adultery, as she was single or married, and they are actionable of themselves, without colloquium or innuendo.

6. LAW AND FACT. Whether words charged to have been spoken, in an action for slander, are actionable, is a question of law for the court; whether the words charged have been proven, is a question of fact for the jury.

7. EXEMPLARY DAMAGES—*malice in slander.* From the speaking of actionable words malice is implied, which will justify exemplary damages.

8. EXCESSIVE DAMAGES—*in slander.* In an action for slander, in which the words laid and proven charged the plaintiff, a young woman, with having "acted the whore," it appeared the plaintiff was of good character, and the defendant wealthy. It was *held* $2500 damages were not excessive.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

This was an action for slander, on the trial of which the plaintiff recovered a judgment for $2500.

Mr. G. VAN HOOREBEKE, for the appellant:

An averment of words spoken in French is not supported by proof of words spoken in German. In actions for slander the words spoken should be set out in the original language and translated. Chitty's Pleading, 405; *Kerschbaugher* v. *Slusser*, 12 Ind. 453; *Warmouth* v. *Cramer*, 3 Wend. (N. Y.) 394.

There was a material variance between the words laid in the declaration and the words proven. Words laid in the

second person will not be supported by proof of words spoken in the third person, nor *vice versa.* *Stannard* v. *Harper*, 5 Manning & Ryland, 295; *McConnell* v. *McCoy*, 7 Sergeant & Rawle, 223; *Foster* v. *Small*, 3 Wharton, 138–142; *Cock* v. *Weatherby*, 5 Smedes & Marshall, 333; *Culbertson* v. *Stanley*, 6 Blackford, 67, 68; *Wolf* v. *Rodifer*, 1 Harris & Johnson, 409; *Williams* v. *Harrison*, 3 Missouri, 412.

It is not sufficient to prove the speaking of equivalent words, or different words of the same import. The allegation, " You swore false," will not be sustained by proof "You have sworn false." *Norton* v. *Gordon*, 16 Ill. 38; *Sanford* v. *Gaddis*, 15 id. 228; *Wilborn* v. *Odell*, 29 id. 456; *Wallace* v. *Dickson*, 82 id. 202.

A count for words spoken affirmatively is not sustained by proof of words spoken interrogatively, nor will words spoken to a person sustain a count for words spoken of a person. *Slocum* v. *Kuykendall*, 1 Scam. 187; *Patterson et ux.* v. *Edwards et ux.* 2 Gilm. 720; *Sanford* v. *Gaddis*, 15 Ill. 228.

Plaintiff having averred that the words spoken amounted to a charge of the *crime* of fornication, was bound to prove it to sustain the count. *Harbison* v. *Shock*, 41 Ill. 147; *Emery* v. *Miller*, 1 Denio, 208; *Straus* v. *Meyer*, 48 Ill. 385.

An innuendo, though unnecessary, will limit and confine the plaintiff in his proof to show that the slander had the meaning thereby imputed to it. 1 Chitty's Plead. 408 ; Townshend on Slander and Libel, 534.

And the plaintiff can not on the trial abandon the innuendo, and rely upon a different sense and reference of the words. *Smith* v. *Carey*, 3 Campbell, 461; *Mix* v. *Woodward*, 12 Conn. 264, 290; *Edgerly* v. *Swain*, 32 N. H. 479.

Exemplary damages should not be awarded except in cases where the evidence shows actual ill will. Townshend on Slander and Libel, 489, and note. See also, 1 Greenleaf Ev. sec. 418.

Mr. H. P. BUXTON, for the appellee:

The slanderous words, or at least enough of them to impute the charge, were proven. See *Crotty* v. *Morrissey*, 40 Ill. 478; *Baker* v. *Young*, 44 id. 45; *Elam* v. *Badger*, 23 id. 501; Rev. Stat. 1874, 992, § 1.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This appeal brings before us for review the record of a judgment of the St. Clair circuit court, in favor of appellee and against appellant, in an action on the case for slander.

The first objection urged against the judgment below is, that the slanderous words are not proved as laid.

The words laid were spoken in the French language. The following sets only need be noticed:

"*La fille, Kreilich, a fait la putaine avec mon garcon.*" Translated, "The girl, Kreilich, has acted (made) the whore with my boy." "*Elle a fait la putaine a Belleville, a St. Louis, et au village.*" Translated, "She has acted (made) the whore in Belleville, in St. Louis, and in the village."

Proof of equivalent words is not admissible; but it is not essential that every word alleged shall be proved, and that none be proved except those alleged. Where all the words alleged constitute one entire charge, they must all be proved; but it is not necessary to prove the whole of a continuous sentence as alleged, provided the meaning of the words proved is not varied by the omission of the others. 3 Phillips on Evidence, (Hill, Cowen & Edwards' Notes,) 551; *Sanford* v. *Gaddis*, 15 Ill. 228; *Wilborn* v. *Odell*, 29 id. 456; *Thomas* v. *Fischer*, 71 id. 576; *Baker and Wife* v. *Young*, 44 id. 42.

Appellee testified that appellant said of her, "*Elle a fait la putaine avec mon garcon.*" And the speaking of the same set of words is also proved by the testimony of appellee's father, Francis Kreilich. These words are proved, when translated into English, to mean, "She has acted the whore, made the whore, or acted the whore with my son."

Appellee also testified that appellant said of her, " *Elle a fait la putaine a St. Louis, a Belleville et au village Francais,*" which is proved, when translated into English, to mean, "She has made or acted the whore in St. Louis, Belleville and French Village."

The gravamen of the charge here, both as laid in the declaration and as proved by the witnesses, is in the words, " *Elle a fait la putaine.*" " She has acted or made the whore,"—that is to say, in plain vernacular English, " She has whored." Whether this was in Belleville, St. Louis, French Village, or elsewhere, or with appellant's son or some one else, is not of the slightest consequence, since it is impossible that a mere charge of fornication can be aggravated or mitigated by reference to the person with whom or the place at which the act was committed.

There is no pretence that the jury were not warranted by the evidence to find that these words were spoken as testified to by appellee,—and, assuming that they were so spoken, at least one set of the actionable words was sufficiently proved.

The words spoken in German imputed the same charge— that of fornication—and although not laid in the declaration, proof of them was admissible for the purpose of showing malice. Townshend on Slander, (2d Ed.) 604, § 392; Am. Leading Cases, (5th Ed.,) Notes to *Gilman* v. *Lowell,* p. 245, *197. And the same is true of the other slanderous words spoken in the French language, of which there was proof, but no allegation in the declaration.

The next objection urged against the judgment is, that the words alleged and proved are not actionable. The statute provides that: " If any person shall falsely use, utter or publish words which, in their common acceptation, shall amount to charge any person with having been guilty of fornication or adultery, such words so spoken shall be deemed actionable, and he shall be deemed guilty of slander." Chap. 126, § 1, Rev. Stat. 1874, p. 992.

It is not required, nor is it allowable, that we shall put a

strained construction on words to relieve the slanderer from a just responsibility. The words are to be construed according to their common acceptation, and, according to common acceptation, to say of a woman that she has "acted the whore," is equivalent to charging her with the conduct that characterizes a "whore"—that is to say, that she has been guilty of fornication or adultery, accordingly as she was married or single when guilty of that conduct.

But, it is again insisted, appellee having averred that the words spoken amounted to a charge of the *crime* of fornication, was bound to prove it. It is a misapprehension to assume that the innuendo alleged is that the different sets of words, as laid, amount to a charge of the *crime* of fornication. Following each set of words, except the last, the innuendo is: "Meaning thereby then and there to charge that the plaintiff had been and was guilty of fornication,"—the innuendo following the last only being that the intent was to charge the *crime* of fornication.

But, aside from this, we hold here, as in *Elam* v. *Badger*, 23 Ill. 498, the words proved are actionable of themselves without colloquium or innuendo, and the innuendo that the intent was to charge the *crime* of fornication may be rejected as surplusage.

The objections averred against the instructions given on behalf of appellee are untenable.

The first and second instructions do not, as counsel assume, instruct the jury that the *words spoken* impute criminal intercourse. They instruct the jury that the *several sets of words charged* or a *sufficient number of either set which impute criminal intercourse*, are actionable. Whether the words charged, or any set of them or a sufficient number of either set which impute criminal intercourse, have been proved, is left to the jury. Surely there can be no question but that the sufficiency of the words, as alleged in the declaration, is a question of law,—and more than this is not here assumed.

Nor do we conceive the instructions are obnoxious to the

other objections urged against them.    From the speaking of actionable words malice is implied, which will justify the assessment of exemplary damages.    *Flagg* v. *Roberts*, 67 Ill. 485.

It is admitted that appellee's character was good, and that appellant is wealthy.    The damages assessed, though large, we can not say are excessive.

On consideration of the entire record we see no cause to disturb the judgment below, and it will therefore be affirmed.

*Judgment affirmed.*

92 353
38a 406

92 353
82a 243

92 353
f88a 598

92 353
d187 ³ 32