DANIEL W. KEEFE

v.

AUGUST VOIGHT.

*Slander—Pleading—Evidence—Variance—Instructions.*

In an action on the case for slander the plaintiff must prove so much
of the language used in some one of the sets of words set out in the

declaration as fully proves the charge.   All the words in the sentence need not be proved, if those which are proved fully establish the slander. If, however, other words not laid are proved, which limit or change the meaning of those counted on, the action will not be sustained.   Instructions given in the case at bar, requiring stricter proof than above indicated, were erroneous.

[Opinion filed December 7, 1892.]

APPEAL from the Circuit Court of Edwards County; the Hon. E. D. YOUNGBLOOD, Judge, presiding.

Messrs. ALLEN & FRITCHEY, for appellant.

Messrs. CREIGHTON & KRAMER, for appellee.

MR. JUSTICE GREEN.   This was an action on the case for slander brought by appellant against appellee, and the jury found defendant not guilty.   Plaintiff filed a motion for a new trial, which was overruled, and the court entered judgment against him for costs; thereupon he took this appeal. Several sets of words are set out in the first count of the declaration, and averred to be false, scandalous and malicious, and as having been spoken by defendant of and concerning the plaintiff with intent to charge the latter with the crime of embezzlement and larceny, and as having been so understood by those who heard the words.   The evidence was conflicting, but there was enough taken by itself, introduced on behalf of the plaintiff, to justify a finding that one or more of the sets of words had been spoken by defendant of the plaintiff as averred and charged.   In this state of case it was essential that the jury should have been accurately instructed as to the law.   This was not done, but on the contrary the following instructions given the jury on behalf of the defendant were erroneous and were calculated to mislead.

First.   The court instructs the jury that even though they may believe from the evidence that the defendant said that they got away with the money, still that will not warrant the jury in bringing in a verdict of guilty.   To war-

rant the jury in bringing in a verdict of guilty, the jury must believe from a preponderance of the evidence, that the defendant spoke the words precisely as charged in the declaration; equivalent words or expressions are not sufficient.

Fourth. The jury are instructed that to entitle the plaintiff to recover in this suit, he must prove the speaking of the words alleged in the declaration or other words of the meaning, as equivalent words or expressions will not be sufficient.

Seventh. The court instructs the jury that though you may believe from the evidence that Keefe may have sold some butter and cheese and handled some of the funds of the creamery to that extent, still this would not warrant a verdict of guilty unless the jury further believe from a preponderance of the evidence that he was employed or authorized by said company to make such sales.

Eighth. The court further instructs the jury that in considering this case the jury can only take into consideration the language used in the first count of the declaration; that is to say, you can only consider such language as appears in the declaration above the figure which appears in the margin of the declaration. No other count in the declaration can be considered by the jury, and in passing upon the rights of the parties to this suit your duty is to pass upon the question of whether or not the defendant used the exact language as set forth in the first count in the declaration; and if the plaintiff has failed to show by a preponderance of the evidence that the defendant used the exact language set forth in the first count in the declaration, you should find the defendant not guilty. The first, fourth and eighth of these instructions require an extent and measure of proof greater than we understand to be necessary to justify a recovery by appellant. In action on the case for slander the plaintiff must prove so much of the language used in some one of the sets of words set out in the declaration as fully proves the charge. All the words in the sentence need not be proved if those which are proved fully establish the slander. If, however, other words not laid are proved which limit or

change the meaning of those counted on, the action will not be sustained. Baker et ux. v. Young, 44 Ill. 42; Thomas v. Fischer, 71 Ill. 576; Schmisseur v. Kreilich, 92 Ill. 347.

These instructions inform the jury that the words "of the declaration" must be proven to justify a verdict for plaintiff. In the first the language is "the words precisely as charged in the declaration." In the fourth, the words alleged in the declaration, or other words of the meaning, or equivalent words or expressions, will not be sufficient." In the eighth "the exact language set forth in the first count in the declaration." What words of the declaration would the jury understand from these instructions must be proved "precisely" or "as alleged," or "in the exact language of the declaration." It must be conceded some doubt would arise in their minds as to what words were intended, but even if they interpreted these instructions to include only those words used in the several sets of words charging the slander, and this is the most favorable light in which we can consider them with respect to their effect upon the jury, then they would understand all the words in each set of words must be proven, and it was not sufficient to prove the words in any one set used to describe the slander. The measure of proof they would be thus directed to require before they could find for the plaintiff is not supported by the authorities cited. The seventh instruction informed the jury that if Keefe (the appellant) sold butter and cheese and handled funds of the creamery to that extent, still this would not warrant a verdict of guilty unless the jury further believed, from a preponderance of the evidence, he was employed or authorized by said company to make such sales. In support of this instruction, it is said, the declaration averred Keefe was employed, and as such employe was engaged in selling butter and cheese, and to that extent handled some of the funds of the creamery; that this averment was necessary and must be proven as averred. We do not understand proof was necessary to show Keefe was employed by the company, and that is the gist of the seventh instruction.

The gravamen of his complaint is not that he was injured as an employe or that he was prevented from getting employment by reason of the publication of the slanderous words, but that they were uttered and published by defendant with intent to injure plaintiff as a citizen in his good name, fame and reputation. This instruction was erroneous and ought not to have been given. We agree with counsel for appellee, if the instructions given to the jury, taken altogether, are not calculated to mislead them, then although one instruction of the series be wrong, that alone will not require a reversal. But by this record it appears the mischief done in giving the instructions criticised was not cured by the other instructions given. The judgment is reversed and cause remanded.

*Reversed and remanded.*