## Margaret A. Ketchum v. Lucy W. Gilmer.

### Gen. No. 4,331.

1. SLANDER—*when instructions in action for, erroneous.* Instructions as follows :

"Even though the evidence might establish that the defendant said to certain persons each of the words charged as having been uttered and that such words are ordinarily construed to mean that the persons they refer to have been guilty of fornication, she would not be guilty under this declaration if from a preponderance of the evidence you find that her hearers did not give her words the construction contended for and did not understand her to charge that the plaintiff had sexual relations with some man;

"If you find from the evidence that the defendant spoke the words charged in the declaration of and concerning the plaintiff and that they were spoken about and in relation to a known act which was known to the hearers at the time and such words did not then and there give the hearers to understand that the defendant was thereby charging the plaintiff with unlawful, sexual intercourse with a man, your verdict should be for the defendant,"—

are erroneous in an action for slander where a number of occasions were testified to during which the slanderous words were used as to some of which there was an absolute denial by the defendant and as to others of which the defense was merely that explanatory words were employed which gave to the language actually used a different meaning.

2. SLANDER—*when instructions in action for, are erroneous.* Instructions which would lead the jury to understand that the plaintiff in order to recover must prove all the slanderous words charged precisely as alleged, are erroneous; it is sufficient if enough of the words charged are shown to have been used as charged to establish a right of action.

Action on the case for slander. Error to the Circuit Court of Peoria County; the Hon. NICHOLAS E. WORTHINGTON, Judge, presiding. Heard in this court at the April term, 1904. Reversed and remanded. Opinion filed August 24, 1904.

CHARLES J. SCOFIELD, for plaintiff in error.

QUINN & QUINN, for defendant in error.

Mr. Presiding Justice Farmer delivered the opinion of the court.

Plaintiff in error sued defendant in error in the Circuit Court of Peoria county for slander. The declaration charged the defendant with having said of the plaintiff, " She is a whore;" " She is a regular whore;" " She isn't a decent woman." Defendant pleaded the general issue. A trial was had resulting in a verdict and judgment for defendant, and plaintiff appeals. Plaintiff was an unmarried woman engaged in teaching school in Peoria county. She had also been admitted to the bar in the State of Illinois but had not engaged in the practice of law. Defendant was a school teacher, unmarried, and some twenty-nine or thirty years of age. She and her sister Clara, some five years younger than she, also unmarried, were engaged in teaching school in the same county with plaintiff. The three were personally acquainted and during the winter and spring of 1902 plaintiff was in the habit of spending all Saturdays and Sundays with defendant and her sister Clara. A very strong attachment sprang up between the plaintiff and Clara which defendant became displeased with, and finally endeavored to break off. Defendant claimed her sister was influenced by plaintiff to break off an engagement of marriage which was displeasing to her. The friendly relations between plaintiff and defendant and also between defendant and her sister ceased to exist and the bitterness became quite intense. Proof was offered of the speaking of the slanderous words on some four different occasions. Defendant's sister, Clara, testified that the first time she heard defendant use the language charged against plaintiff was on an occasion when she and her sister were alone on or about the second of February. The first time, according to the proof, that any such words were uttered in the presence of other parties than defendant's sister, Clara, was about the 7th of February at Mrs. Ahrends' where plaintiff then boarded. What was said at that time was testified to by Mrs. Ahrends and Clara Gilmer, who says she was in the house upstairs and heard the words used

to Mrs. Ahrends. Kate Moorehouse and Clara also testify that in the evening of the same day, at the Moorehouse residence and in the presence of the Moorehouse family, substantially the same charge was made against plaintiff and the same words used. Clara also testifies to utterances made to her when she and her sister were alone at Pottstown about February 10. The defense was that as to the utterances alleged to have been made at Mrs. Ahrends', defendant did not use the words set forth in the declaration and testified to by the witnesses Mrs. Ahrends and Clara Gilmer. It was simply a square denial of using the slanderous words on that occasion, and as to the other occasions testified to by the witness, the defense was that defendant did not refer to nor charge plaintiff with having had sexual intercourse with a man, but that she referred to unnatural practices which she testified her sister Clara and plaintiff had been in the habit of indulging in between themselves, and that she used such language on each of these occasions as that her hearers did not understand she meant to or did charge plaintiff with fornication. As the case must be reversed and remanded we make no comments upon the testimony further than to disclose wherein we think the trial court erred, nor shall we attempt to set out the evidence in full. It is sufficient to say that there was testimony tending to corroborate and strengthen the evidence of the witnesses who testified to the slanderous utterances, and the same can also be said of the defendant's denial. There was also evidence and circumstances proper to be considered as tending to weaken some of the testimony of the witnesses on both sides. Plaintiff's witnesses all deny that there was anything said by defendant on any of these occasions about unnatural practices between the two women, and plaintiff and Clara deny that they were guilty of any such practices. As to the weight of the testimony as to what was said on other occasions than at Mrs. Ahrends' it is not necessary now to determine. Two witnesses testified that at Mrs. Ahrends' defendant did use the slanderous words charged, or some of them, and without any qualifying words whatever. De-

fendant simply denies that she uttered the words at that time. Clara testifies that defendant said to Mrs. Ahrends, "You don't know who you are keeping in your house. That woman goes to Peoria and does you don't know what; she goes in many a Friday night when nobody knows anything about her. You may think she is all right out here but she is not; that woman is a regular whore; she is equal to the keeper of an infamous house. I will have her put out of school. I will publish her in this county." Mrs. Ahrends testified that defendant said of plaintiff among other things that "she is not a decent woman; that she would lead Clara to a whore house and then leave her, and that she was nothing but a common whore. She said if she could not separate them any other way she would shoot Adelle," which was plaintiff's middle name. Neither of the witnesses who testified to these utterances were parties to the suit nor had any interest in its result. Clara, it is true, was not friendly to her sister, the defendant, but Mrs. Ahrends appears to have had no feeling against any of the parties nor any motive for testifying otherwise than truthfully. To say the least, the evidence was close enough to require that the instructions should be accurate. Defendant's fourth instruction told the jury in substance that if they found the defendant did use the language charged, but further found that her hearers knew she did not intend they should understand her to mean plaintiff had been guilty of fornication, their verdict should be not guilty. The fifth and sixth instructions given for defendant were as follows:

"5. Even though the evidence might establish that the defendant said to certain persons each of the words charged as having been uttered, and that such words are ordinarily construed to mean that the persons they refer to have been guilty of fornication, she would not be guilty under this declaration if from a preponderance of the evidence you find that her hearers did not give her words the construction contended for and did not understand her to charge that the plaintiff had sexual relations with some man.

"6. If you find from the evidence that the defendant spoke the words charged in the declaration of and concern-

ing the plaintiff and that they were spoken about and in relation to a known act which was known to the hearers at the time, and such words did not then and there give the hearers to understand that the defendant was thereby charging the plaintiff with unlawful sexual intercourse with a man, your verdict should be for the defendant."

These instructions were erroneous and highly prejudicial to the plaintiff's case, even if it be admitted that they were proper under the evidence as to all utterances testified to except those at Mrs. Ahrends'.    In view of the testimony on that occasion, the instructions being general as to the whole case, they were clearly erroneous.    The utterances testified to by Clara Gilmer and Mrs. Ahrends could not reasonably be understood in any other light than as charges of unchaste conduct of plaintiff with men, and the witnesses further testified that no reference was made to any improper conduct between Clara and the plaintiff.    Defendant does not pretend that she referred to or spoke of the alleged practices of the two women, but simply denies that she uttered the slanderous words testified to by the witnesses. As to that conversation, therefore, there was no question as to the meaning she intended any words spoken by her should have, nor how she intended they should be or were understood by her hearers.    The sole question was, did she speak the words testified to?    If she did, then the verdict should have been guilty; if she did not, then it should have been not guilty as to that conversation.    Not limiting these instructions to occasions where there was testimony tending to show that defendant used language explanatory of what might otherwise have been slanderous utterances was erroneous, and they should not have been given.

Defendant's eleventh instruction told the jury that plaintiff " can only recover upon proving the speaking of some one or more of the slanderous statements charged in the declaration precisely as therein charged."    By the twelfth instruction the jury were told that to entitle the plaintiff to recover she must prove by the preponderance of the evidence that defendant spoke of her " some one or more of the slanderous charges contained in her declaration in the

words and language in which they are therein set forth." The jury would naturally understand these instructions to mean that plaintiff was obliged to prove all the words charged in the declaration exactly as they were therein set forth, which is not the law. All plaintiff was required to prove was enough of the slanderous words in the language charged to constitute the slander. The gravamen of the charge contained in the declaration was that plaintiff was a whore. While it is true proof of equivalent words is not sufficient, yet it has been repeatedly held that all the words set out in the declaration do not have to be proved, but only enough of them to constitute the charge. Sanford v. Gaddie, 15 Ill. 229; Schmisseur v. Kreilich, 92 Ill. 347; Baker v. Young, 44 Ill. 42. One count of the declaration alleged that defendant said of plaintiff " she is a whore; " another one that she said " she is a regular whore." Clara Gilmer testified that at Mrs. Ahrends' defendant said plaintiff " is a regular whore," while Mrs. Ahrends testified she said plaintiff " is a common whore." Whether the word common or regular was used or not was wholly immaterial, but as the instruction told the jury that it was incumbent upon plaintiff to prove the utterances set out in the declaration " precisely as therein charged " or " in the words and language in which they are therein set forth," and one of the witnesses having testified to the exact language set out in one of the counts of the declaration and the other witness having testified to the use of one different word, the jury might conclude that they were warranted in finding plaintiff had not made the proof required by the instructions. We regard the law as clear that if the evidence showed defendant said plaintiff was a whore, this was sufficient to authorize a recovery whether it was qualified by the word " regular," or " common," or qualified at all. In Schmisseur v. Kreilich, *supra*, it was said : " Where all the words alleged constitute one entire charge, they must all be proved; but it is not necessary to prove the whole of a continuous sentence as alleged, provided the meaning of the words proved is not varied by the omission

of others." The ninth instruction, while perhaps not sufficiently erroneous to justify a reversal if the record were otherwise free from error, is not in our judgment a very happy statement of the law attempted to be embraced in it and we simply refer to it in view of the fact that this case must go back for another trial.

We are asked to affirm this case so that the disagreeable experience of another public trial may be avoided. Such considerations could not justify us in disregarding our plain duty, and approving or holding to be harmless what clearly seems to have been erroneous and highly prejudicial to the plaintiff. We are not satisfied that justice has been done in this case and the judgment is therefore reversed and the cause remanded.

