## Anna Schultz, Appellee, v. George Sohrt, Appellant.

1. LIMITATION OF ACTIONS, § 60*—*what are tests for determining whether two declarations state same cause of action.* The recognized tests of whether each of two declarations states the same cause of action are (1) would the same evidence, not objected to, support a judgment rendered upon either declaration; and (2) could a judgment under one of the declarations be successfully pleaded as a former adjudication against the cause of action set out in the other declaration.

2. LIBEL AND SLANDER, §. 111*—*what constitutes variance between pleading and proof.* In an action for slander, proof of words equivalent to those alleged in the declaration to have been spoken is not admissible.

3. LIMITATION OF ACTIONS, § 67*—*when declaration in action for slander states new cause of action.* Where a declaration in an action for slander alleged that on a certain date certain slanderous words were spoken in the English language, *held* that a demurrer to a plea of the statute of limitations to an amended declaration, filed after the running of the statute of limitations, alleging that such words were spoken in the German language, was erroneously sustained as such amended declaration stated a new cause of action.

4. WITNESSES, § 31*—*when wife not competent witness as to conversation of husband with third person.* In an action for slander, testimony of the plaintiff as to words spoken by the defendant in a conversation with the plaintiff's husband in her presence, *held* inadmissible under section 5 of the Evidence Act (J. & A. ¶ 5522).

ELDREDGE, P. J., dissenting.

Appeal from the Circuit Court of Douglas county; the Hon. FRANKLIN H. BOGGS, Judge, presiding. Heard in this court at the April term, 1915. Reversed and remanded. Opinion filed October 13, 1915.

JOHN H. CHADWICK, for appellant; O. B. DOBBINS, of counsel.

PERRY M. MOORE and W. THOMAS COLEMAN, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

*See Illinois Notes Digest, Vols, XI to XV, and Cumulative Quarterly, same topic and section number.

This is an action brought by Anna Schultz, appellee, against George Sohrt, appellant, to recover damages for slanderous words averred to have been spoken of and concerning the plaintiff to the plaintiff's husband and others. Plaintiff recovered a verdict and judgment against the defendant for four hundred dollars.

The suit was begun May 5, 1914. The original declaration, consisting of three counts, was filed September 1, 1914. The first count charges the appellant with uttering certain words to Henry Schultz, husband of appellee, on February 25, 1914. The second count charges that appellant made substantially the same statement on October 15, 1913, in the presence of the minister of the church of which appellee was a member. The third is the same as the second except that the time is averred to be in the autumn of 1913, the exact date being unknown.

The words spoken of the appellee were all averred to have been spoken in the English language. On the 23rd day of November, 1914, appellee filed an amended declaration in which the words spoken and alleged in the different counts are all averred to have been spoken in the German language, in the presence of the same parties named in the original declaration, and who it is averred understood that language. Each amended count sets forth the English translation of the alleged slanderous words and shows their application to the appellee. The appellant filed a plea of the general issue and a plea of the statute of limitations to the second and third amended counts, averring that the appellant did not utter the words set forth in said counts within one year prior to the filing of the amended declaration. A demurrer was sustained to the plea of the statute of limitations.

It is contended by appellant that the amended declaration sets forth a new cause of action and one that is not stated in the original declaration. The original

declaration declared only upon the words spoken in the English language. The amended counts aver the words to have been spoken only in the German language, "which said words signified and meant in the English language, as follows, that is to say:" the identical words averred to have been spoken in the original declaration.

The usual recognized tests of whether the counts state the same cause of action are (1) would the same evidence not objected to support a judgment rendered upon either statement; and (2) could a judgment under one declaration be successfully pleaded as a former adjudication against the cause of action set out in the other declaration. (*Carlin v. City of Chicago*, 262 Ill. 564.) The rule in this State is well settled that proof of equivalent words is not admissible. (*Schmisseur v. Kreilich*, 92 Ill. 347.) If the allegations and proof do not substantially correspond there is a fatal variance and the plaintiff must fail. 13 Encyc. Pl. & Pr. 62. A verdict will not aid a count failing to set forth the words spoken. 25 Cyc. 472. There would be a fatal variance between words alleged in English and proof of words spoken in German. On the second proposition we cannot see how a judgment recovered for slander for words spoken in English could be a bar to damages for words spoken in German. We are constrained to hold that the amended counts of the declaration set forth a new and different cause of action from that contained in the original declaration and that the court erred in sustaining the demurrer to the plea of the statute of limitations.

It is also contended that appellee was not a competent witness to a statement made by appellant to the husband of appellee. She was first asked if she remembered a conversation had between her husband and Sohrt, the appellant. After an objection that she was not a competent witness to such conversation had been overruled she replied, "I do." Questions were then

asked whether she remembered the words used by Sohrt and what language they were in, which were answered over objections. She was then asked to "give the words in German as he said them." An objection that she was an incompetent witness to a conversation between her husband and a third party was overruled after which she told what Sohrt said in German: "You have, with her your second wife, whored around, before your first wife died, or was dead." From the testimony given by appellee's husband and introduced before appellee testified, and also from the questions asked appellee, it appears that the slanderous statement was but a part of a conversation between appellee's husband and appellant. The proviso in section 5 of the Evidence Act (J. & A. ¶ 5522) is, that this section shall not be construed to authorize such husband or wife to testify to any admissions or conversations of the other to third parties except in suits between the husband and wife. In *Stephens v. Collison,* 256 Ill. at page 242, this proviso was held to deny the right of a husband to testify to a conversation between his wife and a third party. The court in that case said: "Under this construction of the proviso to said section 5 Stephens was not a competent witness to testify to any conversation between his wife and the executors, Collison and Karr, and this would include statements made by either Collison or Karr to Mrs. Stephens as well as statements made by her to them." The same rule is held in *Goelz v. Goelz,* 157 Ill. 33, and *Donnan v. Donnan,* 236 Ill. 341. The proviso to section 5 of the Evidence Act was passed in 1874. Decisions made before the enactment of the proviso are not authority on the construction of the present statute. This proviso was passed as a matter of public policy that a husband or wife may not be called to corroborate the other as to a conversation had between the other and a third party. It was er-

ror to permit appellee to testify concerning the words spoken by appellant to her husband.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Mr. Presiding Justice Eldredge dissents.