# PEARL FERBER, Respondent, v. JOSEPH BRUECKL and AMALIA BRUECKL, His Wife, Appellants.

### St. Louis Court of Appeals. Opinion Filed June 6, 1922.

1. **APPELLATE PRACTICE: Motion for New Trial and in Arrest of Judgment not Made Part of Record by Bill of Exceptions: Not Considered on Appeal.** Where the abstract of the record before the appellate court contains a motion for a new trial and a motion in arrest of judgment, neither of which were made a part of the record by a bill of exceptions, nor does the record disclose that defendants excepted to the overruling of said motions, the same will not be considered on appeal.

2. **LIBEL AND SLANDER: Words "Bitch" and "Whore:" Actionable Per Se.** The statement applied to a female "you are nothing only sons of bitches and whores" is a charge of a misdemeanor and actionable *per se* in view of section 3515, Revised Statutes 1919, making the living in a state of open and notorious adultery, etc., a misdemeanor, and section 3612, Revised Statutes 1919, making it a misdemeanor falsely and maliciously to charge any female of incest, fornication, adultery or whoredom, etc.; the word "bitch" being a coarse, vulgar and ruffianly expression when applied to a woman, and the word "whore" carries with it an imputation of a criminal offense, implying the practice of whoredom.

3. **————: Charge of Crime: Actionable Words: Slanderous if Naturally and Presumably Understood by Hearers as Charging Crime.** It is not necessary that the slanderous words used must make the charge of crime in express terms, they are actionable if they consist of a statement of matters which would naturally and presumably be understood by the hearers as a charge of the offense, and where the language used is such that in its ordinary acceptation a person of ordinary understanding could not doubt its signification, it would be prima-facie sufficient.

4. **————: ————: Statute of Limitations: Prostitution: Subject to Two-Year Limitation.** A statement "You are nothing only sons of bitches and whores," charges a crime under section 3515, Revised Statutes 1919, making living in a state of open and notorious adultery, etc., a misdemeanor, and section 3612, making it a misdemeanor falsely and maliciously to charge or accuse any female

of incest, fornication, adultery or whoredom, etc., and is actionable *per se* at common law, and an action therefor is subject to the two-year period of limitation provided by section 1319, Revised Statutes 1919, and not to the one-year period provided in section 4221 for actions for slander brought under section 4216.

Appeal from the Circuit Court of St. Charles County.— *Hon. Edgar B. Woolfolk,* Judge.

AFFIRMED.

*Osmund Haenssler,* for appellant.

As a civil injury slander is governed by the principles of the common law. Krup v. Corley, 95 Mo. App. 640. Words imputing a want of chastity to a woman, at common law, were not actionable *per se*. To call a woman a "bitch" is not actionable *per se*. Kerone v. Block, 144 Mo. App. 575. The action was clearly barred by the Statute of Limitations prescribed in Article I of Chapter 38 of the R. S. of Mo. 1909. Sec. 5424, 5429, R. S. Mo. 1909.

*Watts, Gentry & Lee* for respondent.

This cause is not brought under the provisions of section 5424 of the Revised Statutes of Missouri 1909 (now section 4216, R. S. 1919). The words spoken are slanderous *per se* independent of said section 5424, therefore the two years' Statute of Limitation (section 1891, R. S. of 1909, now section 1319, R. S. 1919) applies to this case. Secs. 3612, 3664, 3515, R. S. 1919; Birch v. Benton, 26 Mo. 159; Traylor v. White, 185 Mo. App. 329; Cameron v. Cameron, 162 Mo. App. 115; Callahan v. Ingram, 122 Mo. 368; Johnson v. Dicken, 25 Mo. 582; Boyce v. Wheeler, 197 Mo. App. 305; Humphreys v. Pile, 144 Mo. App. 33; Hill v. Mo. Pac. Ry. Co., 66 Mo. App. 184; Perselly v. Bacon, 20 Mo. 337; Curry v. Collins, 37 Mo. 329; Hill v. Railroad, 121 Mo. 477; Hatcher v. Range, 81 S. W. 290; Davis v. Sladden, 17 Or. 260;

Newell on Slander, and Libel (3 Ed.), secs. 162, 163, 166, 168, pp. 168 to 186, and secs. 64, 65, p. 30, 66 Am. Dec. 346; Posnett v. Marble, 62 Vt. 491; Buscher v. Scully, 107 Ind. 246; Odgers on Libel and Slander (5th Ed.), 39; Elam v. Badger, 23 Ill. 500; Schmiseur v. Kreilich, 92 Ill. 347; Kelley v. Flaherty, 16 R. I. 234; 1 Starkie on Slander, 43.

DAUES, J.—This is an action for slander. Upon a trial had before a jury in the circuit court of St. Charles county there was a verdict and judgment for plaintiff in the sum of $1500. Defendants appeal.

No bill of exceptions was filed and the case is therefore before us on the record proper. The abstract of the record contains a motion for a new trial and a motion in arrest of judgment; same, however, were not made a part of the record by a bill of exceptions, nor does the record disclose that defendants excepted to the overruling of said motion; therefore, same are not considered on this appeal.

The petition is in usual form and was filed April 4, 1914. It is alleged that defendant, Joseph Brueckl and Amalia Brueckl, are husband and wife, and that defendant Amalia Brueckl, out of the presence of her husband, on June 8, 1912, in St. Charles county, in the presence and hearing of others, wilfully, wantonly and maliciously spoke of and concerning plaintiff the following slanderous words, to-wit:

''What are you (speaking to plaintiff's mother, Vida Ferber) and your daughters (meaning this plaintiff and other daughters of Vida Ferber); you (meaning said Vida Ferber and this plaintiff and other daughters of said Vida Ferber) are nothing only sons-of-bitches and whores.''

The petition prays for $5,000 actual and $5,000 punitive damages. Defendants having unsuccessfully demurred to the petition, filed their joint answer which was a general denial, coupled with the plea that the action was barred by the Statute of Limitations of this State.

The reply was a general denial.

The sole question before this court is whether the record discloses that this action is barred by the Statute of Limitations.

If the action is brought under section 4216, Revised Statutes 1919, same is governed by section 4221, Revised Statutes 1919 (Sec. 2459, R. S. 1909), and the action is barred after one year; if section 1319 Revised Statutes 1919 (Sec. 1891, R. S. 1909), applies, then the action must be brought within two years. The action at bar was brought after one year and within two years.

Counsel for appellants argues that the slanderous words laid in the petition are not actionable *per se* at common law and relies upon the case of Kerone v. Block, 144 Mo. App. 575, 129 S. W. 43, as authority for such position. In that case it was held that to call a woman a "bitch" was not actionable *per se;* other authorities in this State are in accord with that decision.

The word "bitch" is a coarse, vulgar and, as said in the case of Cameron v. Cameron, 162 Mo. App. 110, l. c. 115, 144 S. W. 171, "a very gross and ruffianly expression when applied to a woman." In the Cameron case the court had before it for consideration in a slander case the epithet "a whoring bitch," and the court there held that such opprobrium was actionable *per se.* It was pointed out that such phrase was actionable *per se* because of the adjective "whoring," as that adjective carried the charge that the woman to whom such adjective had been applied was guilty of fornication and adultery.

It is not necessary to set forth a collation of definitions from lexicons showing the difference in meaning between the words "whore" and "bitch." Suffice to say, that the former word carries with it an imputation of a criminal offense; it implies the practice of whoredom, and is therefore actionable *per se.* The words charged in the petition imputed to the plaintiff the crime of fornication and adultery, an indictable offense involving moral turpitude and an offense which under the law

of this State subjects the offender to an infamous punishment, that is, corporal punishment—imprisonment. [See sections 3515 and 3664, R. S. 1919.]

It seems well settled that it is not necessary that the slanderous words used must make the charge of crime in express terms. They are actionable if they consist of a statement of matters which would naturally and presumably be understood by the hearers as a charge of the offense. If the language used is such that in its ordinary acceptation a person of ordinary understanding could not doubt its signification, it would be prima facie sufficient. [Newell on Libel and Slander (3 Ed.), sec. 166, p. 186; Elam v. Badger, 23 Ill. 500; Schmisseur v. Kreilich, 92 Ill. 347; Hatcher v. Range, 81 S. W. 290.]

Plaintiff has maintained throughout that this action is brought not under section 4216, Revised Statutes 1919, but that the words alleged in the petition charge a crime under our present statutes and that such words therefore are actionable *per se* under the common law, and that the Statute of Limitations for slander actions generally (section 1319, R. S. 1919) applies here.

We think such position is correct. At common law in England oral words imputing unchastity to a woman were not actionable *per se*, because unchastity did not subject such woman to infamous punishment. However, to call a woman a "whore" in the City of London was actionable *per se*, because in London such women were flogged, and hence it was considered a criminal offense to practice prostitution in London.

Now, section 4216, Revised Statutes 1919, was first enacted on June 20, 1815, as appears on page 373, section I, Territorial Laws 1818. At that time there were no laws in Missouri making adultery or fornication criminal offenses. This statute (section 4216) was enacted together with other provisions relating to damages in actions for torts. Section 4216 provides:

"It is actionable to publish falsely and maliciously in any manner whatsoever, that any person has been guilty of fornication or adultery."

It was then provided (now section 4221, R. S. 1919), that all actions brought under the provisions thus enacted should be brought within one year.

Subsequent to the enactment of this statute, our law-making body in 1825 passed what is now section 3515, Revised Statutes 1919, (see Laws 1825, p. 306, sec. 77), which is as follows:

"Every person who shall live in a state of open and notorious adultery, and every man and woman, one or both of whom are married, and not to each other, who shall lewdly and lasciviously abide and cohabit with each other, and every person, married or unmarried, who shall be guilty of open, gross lewdness or lascivious behavior, or of any open and notorious act of public indecency, grossly scandalous, shall, on conviction, be adjudged guilty of a misdemeanor."

On the passage of that act making adultery and lewdness a criminal offense, an action for slander could be brought under the common law, since to charge a woman with such conduct was to charge her with committing a criminal offense which carried with it corporal punishment.

Later, in 1879, our Legislature passed still another act declaring lewdness an offense. Same is section 3612, Revised Statutes 1919, and is as follows:

"Every person who shall falsely and maliciously charge or accuse any female person of incest, fornication, adultery or whoredom, by falsely speaking of and concerning such female, in the presence and hearing of other person or persons, and false or slanderous words which shall impute to her any such offense, or who shall in like manner falsely and maliciously charge any person with incest, or the infamous crime against nature, or with any felony, the commission of which would subject such person to disfranchisement and other degrading penalties, shall be deemed guilty of a misdemeanor."

Referring again to the Cameron case, supra, it will been seen that the court considered the action, not under

section 4216, Revised Statutes 1919, but as being brought under section 3612, Revised Statutes 1919.

We think the case of Hill v. Missouri Pacific R. R. Co., 66 Mo. App. 184, is very much in point. In that case this court had this same question before it. The action was for killing stock by the railroad company. Among the provisions enacted together with said section 4216 was a section holding railroads liable for killing animals on the railroad. The special Statute of Limitation of one year, section 4221, Revised Statutes 1919, applied to such provisions alike, that is, to said section 4216 and section 4220, Revised Statutes 1919, relating to killing stock by the railroad. It was decided in that case, opinion by Judge ROMBAUER, that such statute (Sec. 4221) did not apply to an action against a railroad company for killing stock when such action was predicated upon negligence at common law and which warranted a recovery independent of such statute, and that since such action was brought for common-law negligence the general Statute of Limitations applied.

It must follow, therefore, that an action brought for slander under the common law on the theory that the slanderous words alleged charge a criminal offense, and brought independent of said section 4216, Revised Statutes 1919, is likewise governed by the Statute of Limitations applying to slander actions generally, to-wit, section 1319, Revised Statutes 1919, which is to the effect that actions for slander shall be commenced within two years.

We conclude, therefore, that the words alleged in the petition are actionable *per se* independent of section 4216, Revised Statutes 1919, and that therefore section 1319, Revised Statutes 1919, applies to same and that the action was brought within time.

Judgment affirmed. *Allen, P. J.,* and *Becker, J.,* concur.